CHARLES REED v. CLARA A. BOND AND THE GOGEBIC COPPER & IRON MINING COMPANY.

*Mortgage—Assignment—Legality of consideration—Foreclosure— Conditional sale.*

1. It is no defense to a suit by an assignee to foreclose a mortgage that the assignment was made in payment of a gaming debt due him from the mortgagee; citing *Bagg v. Jerome*, 7 Mich. 145.

2. A deed given by a debtor to a creditor in satisfaction of the debt, in which provision is made for the repurchase of the land, at the option of the grantor, within a specified time, and its conveyance to him by the grantee on payment of the pur-

chase price and interest, will be treated as an absolute conveyance, with an option to repurchase.[1]

Appeal from Ontonagon. (Stone, J., presiding.) Argued April 28, 1893. Decided June 16, 1893.

Bill to foreclose a mortgage. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*T. L. Chadbourne* (*Chadbourne & Rees*, of counsel), for complainant.

*J. R. Rauch,* for defendants.

MONTGOMERY, J. The bill in this case was filed to foreclose a mortgage on the undivided one-fourth of certain lands in the county of Ontonagon, given on the 1st day of November, 1872, by George W. Knowlton to one James O'Brien, which mortgage was assigned to complainant in December, 1873. The defense is:

1. That the assignment from O'Brien to complainant was made in payment of a gaming debt.

2. That, at the time of the execution of the mortgage by Knowlton, his interest in the property was that of a mortgagee only, and that, therefore, the mortgage by Knowlton was, in effect, a mortgage of a mortgage. This determined, it is claimed that the statute of limitations has run against the Knowlton deed considered as a mortgage, and hence that the complainant is not entitled to relief.

The defendants ask for affirmative relief, and that the cloud upon their title be removed.

1. The gaming contract is fully executed, and where this is so the court will usually leave the parties where it finds them. Whatever remedy the assignor may have does not

---

[1] For cases involving the question whether a conveyance, absolute upon its face, shall be treated as a deed or a mortgage, see *Weed v. Mirick*, 62 Mich. 414; *McMillan v. Bissell*, 63 Id. 66; *Crawford v. Osmun*, 70 Id. 651; *Stahl v. Dehn*, 72 Id. 645; *Seligman v. Ten Eyck Estate*, 74 Id. 525; *Etheridge v. Wisner*, 86 Id. 166; *Gamble v. Ross*, 88 Id. 315; *Clark v. Landon*, 90 Id. 83; *Knight v. Hartman*, 93 Id. 69; *Loth v. Friederick*, 95 Id. 598.

concern the defendants. They are fully protected by the assignment to the complainant. *Bagg v. Jerome,* 7 Mich. 145.

2. A question of greater difficulty is that of whether the instrument under which Knowlton derived his title is to be treated as an absolute conveyance with an option to repurchase, or, in legal effect, a mortgage. The instrument, in its material parts, is as follows:

"This indenture, made the 7th day of June, in the year 1859, between William A. Pratt, of the city, county, and state of New York, party of the first part, and George W. Knowlton, of the same place, party of the second part:

"*Witnesseth,* that the said party of the first part, for and in consideration of the sum of $2,738, lawful money of the United States of America, to him in hand paid by the said party of the second part at or before the ensealing and delivering of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, aliened, remised, released, conveyed, and confirmed, and by these presents doth grant, bargain, sell, alien, remise, release, convey, and confirm, unto the said party of the second part, and to his heirs and assigns, forever, all his right, title, and interest in and to all the undivided one-fourth part of those certain lands and premises situate in the State of Michigan."

Here follows a full description, and the *habendum* clause, as follows:

"To have and to hold, all and singular, the above mentioned and described premises, and every part and parcel thereof, with the appurtenances, unto the said party of the second part, his heirs and assigns, forever."

This is followed with the covenants of warranty, concluding:

"And that the said party of the second part, his heirs and assigns, shall and may at all times hereafter peaceably hold, use, and possess and enjoy the same without any let, suit, trouble, or disturbance of said party of the first part, his heirs or assigns, or any other person lawfully claiming or

to claim the same, except under and in pursuance of the agreement for the repurchase of the same, hereinafter contained."

The agreement contains this further provision:

"*Whereas,* this conveyance is made by the said Pratt to said Knowlton on account of the said Pratt's indebtedness to said Knowlton, and no searches against the property above described have yet been made by said Knowlton as to the title or the incumbrances thereon:

"It is therefore further hereby agreed that said Knowlton have six weeks from the date hereof to make such searches, and that, if no deed, mortgage, attachment, or execution against said Pratt, or incumbrance of any kind, exists or is to be found thereon, the above conveyance shall be in full of all claims, demands, and causes of action of every kind whatever between the parties hereto, except the agreement for the said Pratt's right to repurchase said property within fourteen months from May 9, 1859, hereinafter mentioned. * * * * * * *

"On the payment of the price of $2,738, and interest from May 9, 1859, to the time of reconveyance, at seven per cent. per annum, and all taxes and necessary charges on said property incurred and paid for by said Knowlton, said Knowlton agrees to sell and convey to said Pratt, his heirs, executors, administrators, and assigns, at any time within fourteen months from May 9, 1859, all his equitable or legal claim and interest in said property, with the same title as he obtained by this deed, and with all the title which he may be entitled to obtain by virtue of this agreement, free from incumbrances on said property by him made or suffered, and to give a deed thereof with covenants against the acts of said Knowlton; and said Pratt or his said representatives have the right to repurchase said property on those terms within that time, but not otherwise."

There are no extraneous or attendant facts which throw light on the intention of the parties. It appears that the grantor and Knowlton had been in litigation before the making of this deed, and had agreed upon a settlement at the sum stated in the deed as the consideration. Neither party was at the time in possession, so that there is no

inference to be drawn from a change in possession, or, on the other hand, from a continuance in possession.

As to whether an instrument in the form of a conveyance, with an agreement back to resell, is to be deemed a mortgage, is often a question difficult of solution, and is frequently made to depend upon the peculiar circumstances of the case. It is usual that in the instrument itself, or in the attendant circumstances, facts which clearly indicate the intention of the parties appear, and when this is so the court will carry such intention into effect. Where this is done by declaring a deed and agreement to reconvey a mortgage, it has most usually been in recognition of the right of the parties to contract as they saw fit, unless there is some additional principle of equity to control the decision,—as, for instance, the principle, "once a mortgage, always a mortgage;" but where the question is to be determined upon the naked agreement, the question, as in all cases involving a construction of an agreement in writing, is, what is the engagement on either hand? what did the parties intend by their agreement? In the present case the deed was given for a present consideration, and, as the grantee had not then examined the title, it was declared that, if the title was found satisfactory, "the above conveyance shall be in full of all claims, demands, and causes of action of every kind whatever between the parties," except the agreement to repurchase. By a subsequent clause Pratt is given the right to repurchase within 14 months, and Knowlton agrees to sell within that time at the consideration price and interest.

Two things are apparent:

(1) That the intention was that the debt from Pratt to Knowlton should be extinguished by the conveyance; (2) that it was optional with Pratt whether he purchased or not, and hence that no new debt was created from Pratt to Knowlton.

In 1 Jones, Mortg., at section 264, it is said:

"The rights of the parties to the conveyance must be reciprocal. If the transaction be in the nature of a mortgage, so that the grantor may insist upon a reconveyance, the grantee at the same time may insist upon repayment; but if it be a conditional sale, so that the grantor need not repurchase, except at his option, the grantee cannot insist upon repayment."

And at section 265 it is said:

"If an absolute conveyance be made and accepted in payment of an existing debt, and not merely as security for it, an agreement by the grantee to reconvey the land to the grantor upon receiving a certain sum within a specified time does not create a mortgage, but a conditional sale, and the grantee holds the premises subject only to the right of the grantor to demand a reconveyance according to the terms of the agreement. A debt, either pre-existing or created at the time, or contracted to be created, is an essential requisite of a mortgage. * * * * 'Where there is no debt and no loan it is impossible to say that an agreement to resell will change an absolute deed into a mortgage.' The debt may not be evidenced by any bond or note, or covenant to pay it; so that the facts and circumstances of the transaction must be inquired into in order to ascertain whether the consideration of the deed was really a debt or loan. If not one or the other, the deed can hardly be a mortgage."

This text is supported by abundant authority, and is in line with the decisions of our own State. See *Swetland v. Swetland,* 3 Mich. 482; *Cornell v. Hall,* 22 Id. 377. It was said in *Jeffery v. Hursh,* 58 Mich. 257:

"It is now settled, as well as any principle of law can be, that an absolute deed, with a bond or separate defeasance or agreement, executed at the same time, to reconvey the estate upon payment of a certain sum of money, constitute a mortgage, if the instruments are of the same date, or are executed and delivered at the same time, and as one transaction; and when this is the case it is a conclusion of law that they constitute a legal mortgage."

This case is cited with approval in *Clark v. Landon,* 90

Mich. 83. In each of the cases cited, however, there was extraneous evidence making the intent of the parties that the transaction should amount to a mortgage apparent.

If it be assumed that the *prima facie* intent is that a deed with a defeasance back amounts, in effect, to a mortgage, and that the engagement on the part of the grantor to pay the debt will be implied, it still does not follow that in the present case this instrument should be held to be a mortgage; for the question of whether there should be an indebtedness is not left to inference, but is determined by the instrument itself, which provides in plain language that the indebtedness should be discharged upon acceptance of the deed, and that the repurchase should be optional with the grantor.

In *Swetland v. Swetland, supra,* the Court say, in discussing this question:

" If the debt which formed the consideration of the deed was extinguished at the time by the express agreement of the parties,   *   *   *   it must be deemed purchase money, and the transaction will be a sale upon condition."

In *Cornell v. Hall* it was said:

" Courts do not presume to change the contracts which the parties have made.   *   *   *   While these principles will not permit a transaction which, in substance, is a mortgage, to have the effect of a sale, there is no principle or maxim of policy which forbids the making of a conditional sale, or which will allow the court to interpose and convert one into a mortgage."

In Martind. Conv. § 417, it is said:

" If the debt is extinguished at the time by the express agreement of the parties,   *   *   *   then it must be regarded as purchase money, and the transaction will be a conditional sale."

See, also, *Conway's Ex'rs v. Alexander*, 7 Cranch, 218; 1 Jones, Mortg. §§ 260, 267, and cases cited; *Henley v.*

*Hotaling,* 41 Cal. 22. Such, we think, is the effect of the agreement in this case.

The decree will be affirmed, with costs.

The other Justices concurred.