BLUMBERG  v.  BEEKMAN.

1. Deeds—Optional Redemption—Mortgages.
    An instrument in the form of a warranty deed, which reserves
    to  the grantor the privilege of "redeeming" the premises by
    repayment of the purchase price, with interest, at any time
    within 10 years, and forbids the grantee to cut timber during
    the period of redemption, such repayment not being obligatory
    upon, but merely optional with, the grantor, constitutes a
    conditional sale, and not a mortgage.

2. Same—Construction by Act of Parties.
    The character of an instrument designed at its inception as one
    of conditional sale cannot be changed by an assignment in-
    dorsed thereon in which it is termed a mortgage.

Appeal from Oakland; Smith, J.   Submitted October
5, 1899.   Decided November 7, 1899.

Bill by Rachel E. Blumberg against George H. Beek-
man and others to remove a cloud from title.   Defend-
ants filed an answer in the nature of a cross-bill, pray-
ing that a certain deed be declared a mortgage, and asking
for an accounting.   From a decree for defendants, com-
plainant appeals.   Reversed.

*John H. Patterson*, for complainant.

*James H. Lynch*, for defendants.

Long, J.   The bill in this cause was filed to remove a
cloud from the title to premises which complainant claims
to own in fee.   It appears that on September 14, 1859,
Samuel D. Beekman and wife executed and delivered an
instrument in writing, in the form of a warranty deed, to
George Blumberg, conveying 20 acres of land for the con-
sideration of $700 mentioned therein.   The deed contained
the following condition :

"This deed being made under the following condition, viz. : That said party of the second part shall·not cut any standing timber, or allow to be, within the period of ten years from the date hereof, on said twenty acres; and, furthermore, that said parties of the first part, for themselves, their heirs, executors, and administrators, do hereby reserve the privilege of redeeming the said above-described twenty acres any time within the period of said ten years, by paying to the said party of the second part, his heirs, administrators, or assigns, the above-mentioned seven hundred dollars, with interest at seven per cent., which shall make this instrument void and of no effect."

This instrument was duly recorded, and the grantee went into immediate possession of the premises, and proceeded to build a line fence between the 20 acres and other land owned by the grantor, and continued to occupy until he conveyed the premises to his son, A. C. Blumberg, May 23, 1872. This and other land had been levied upon by the First National Bank of Detroit, in 1869, as the property of George Blumberg, on an execution issued on a judgment against George Blumberg. The son paid $600 of this judgment, and took the deed in consideration thereof. On October 2, 1873, A. C. Blumberg sold and conveyed the land to one Miles Everts, who on the next day, October 3d, conveyed the land by deed to Rachel E. Blumberg, the complainant in this proceeding. All these deeds were duly recorded. The complainant and her grantors have been in possession of the land under these several conveyances since September, 1859, immediately after the conveyance from Beekman and wife to George Blumberg. They have paid all taxes, improved the land, and exercised all the acts of ownership over it as the real owners. It appears that at the time George Blumberg executed the deed to his son, A. C. Blumberg, the wife of George did not join in the deed. A. C. Blumberg, in deeding to Everts, who was his father-in-law, apparently did so for the purpose of placing the title in his wife, the complainant; and Everts on the next day conveyed to her. On March 26, 1875, George Blumberg and his wife made

an assignment in writing upon the back of the instrument received from Beekman, in the following form:

"For value received, we hereby sell, transfer, and assign all our right, title, and interest of, in, and to the within mortgage to Rachel E. Blumberg, and authorize her to collect and receive the same, either at law or in equity, as fully as we can or could do."

This assignment was properly witnessed, and acknowledged by George Blumberg and wife.

Samuel D. Beekman died in 1868. The defendants are his widow and heirs at law. No claim was ever made by the defendants, or any of them, to the complainant, that they had any interest in these lands, until shortly before the bill was filed. Complainant then tendered to each of them a quitclaim deed of the premises, and asked them to execute such deed, to remove the cloud from the title. They refused to execute the deed, whereupon the complainant filed the bill in this cause.

The defendants answered, claiming the benefit of a cross-bill, and asked for an accounting, on the theory that the instrument was a mortgage. The testimony was taken in open court, and the court found (1) that Rachel E. Blumberg and her grantors have had undisputed and adverse possession of the land since September 14, 1859; (2) that the consideration mentioned in the deed ($700) was the fair value of the land at the time; (3) that no one, to the time of bringing this suit, has offered to redeem the land; (4) that there is no liability mentioned in the deed, or affirmatively proved, against the grantor, Samuel D. Beekman, to repay this $700 as a debt. The court thereupon decreed that the conveyance was a mortgage, and directed an accounting to be had to determine the amount due upon it, in which accounting the complainant is to be credited with the amount of money paid by George Blumberg to Samuel D. Beekman, with interest at 7 per cent. from September 14, 1859, and also credited with all amounts paid for taxes on the land, with interest on the moneys so paid from the time of such payment, and also credited with the value of

any permanent improvements now existing; the complainant to be charged with the rental value of the premises from September 14, 1859, with interest upon the same computed annually, and charged with the value of all timber and trees taken therefrom, with interest upon the value thereof from the time of such taking. Complainant appeals.

It nowhere appears from the evidence that a loan was intended by any of the parties to the original transaction. There was some testimony given, however, by the complainant, which tends to show that it was a conditional sale. Theron M. Blumberg testified:

" I know father bought the land, and paid $700 for the 20 acres, in 1859.

" Q. Was there any particular purpose in buying that land?

"A. Yes, sir; he bought it for the water privilege. That had springs on the land, and we had to drive across the land to get to the water. Father bought this 20 acres of land to get the water, and we finally dug a spring on this land, and run pipes across Perkins' 40 onto our land. That is what it was bought for."

The intention of the parties is the vital question in determining the character of the instrument. It is in form a warranty deed (with the exception of the condition inserted therein), containing all the usual warranty clauses, and the condition itself does not create the relation of debtor and creditor. There is no provision in the condition by which the first party is bound to pay the $700. It is merely an option on his part to redeem the premises at any time within 10 years by paying $700 and interest at 7 per cent. There are no characteristics of a mortgage in this deed. It appears to be an absolute sale, upon its face, with an option to the grantor to repurchase at any time within 10 years, at a stipulated price. There is no showing in the case that the $700 was loaned to Beekman, and no such claim is made. On the other hand, what testimony there is in the case shows that it was paid to Beekman on a sale of the premises. When

we take into consideration that for nearly 40 years the grantee in the deed and those claiming under him have been in undisputed and undisturbed possession of the premises, without any claim being made by Beekman or his heirs that they had any interest in them, and that the court below found as a fact that the $700 was the fair value of the land at the time, it seems conclusive that the parties themselves must have regarded the instrument of conveyance as a deed, and not as a mortgage. If the Beekmans regarded this as a mortgage from which they might redeem within 10 years, why have they let 30 years more go by without making any effort to redeem from it? On the theory that the parties regarded the transaction as an absolute sale, with an option to repurchase if it were exercised within the 10 years, the long silence on the part of the Beekmans can be accounted for. We need not, however, go into any extrinsic evidence to ascertain what this instrument is. It appears upon its face to be a conditional sale, and nothing more, under well-settled rules. The debt was extinguished by the deed, and it was left optional with the grantor to refund the money. In *Swetland* v. *Swetland*, 3 Mich. 482, it was held that where it appears that, by express agreement of the parties, a debt due from the grantor to the grantee was extinguished by the deed, or that the money paid was not advanced by way of loan, or that it is at the option of the grantor to refund or keep the money, the transaction is a conditional sale, and not a mortgage, but if the remedies of grantor and grantee are reciprocal,— the former bound to repay the money, and the latter to reconvey the premises,— then the instrument will be construed a mortgage. The deed here contains no provision which would make it a mortgage under this rule. The principle laid down in the *Swetland Case* was referred to and approved in *Emerson* v. *Atwater*, 7 Mich. 23, and *Reed* v. *Bond*, 96 Mich. 139.

In 1 Jones, Mortg. § 264, it is said:

"The rights of the parties to the conveyance must be

reciprocal.   If the transaction be in the nature of a mortgage, so that the grantor may insist upon a reconveyance, the grantee at the same time may insist upon repayment; but if it be a conditional sale, so that the grantor need not repurchase except at his option, the grantee cannot insist upon repayment."

And at section 265 it is said:

"If an absolute conveyance be made and accepted in payment of an existing debt, and not merely as security for it, an agreement by the grantee to reconvey the land to the grantor upon receiving a certain sum within a specified time does not create a mortgage, but a conditional sale, and the grantee holds the premises subject only to the right of the grantor to demand a reconveyance according to the terms of the agreement.   A debt either pre-existing or created at the time, or contracted to be created, is an essential requisite of a mortgage.   *   *   *   Where there is no debt and no loan, it is impossible to say that an agreement to resell will change an absolute deed into a mortgage."

The case of *Cornell* v. *Hall,* 22 Mich. 377, is also an illustration of the principle.   There Mr. Justice GRAVES said:

"The conduct of complainant was for several years accordant with the notion that a conditional sale had been made, and was radically inconsistent with the idea that he was a mere mortgagor.   The surrender of the property upon default in payment, and the omission for so many years to whisper to defendant that he claimed any right inconsistent with defendant's absolute ownership, when he had frequent opportunities to do so, and knew that the latter was making improvements as owner, and under the belief that the title derived from the transaction in question was indefeasible, are facts extremely persuasive against the validity of the present claim."

The cases of *Jeffery* v. *Hursh,* 58 Mich. 257, and *Clark* v. *Landon,* 90 Mich. 83, relied upon by the circuit judge in determining the question, do not warrant the assumption that the conveyance in the present case was a mortgage, and not a conditional sale.   In the *Jeffery* Case there was extraneous evidence showing the intent of the

parties that the transaction should amount to a mortgage. In the *Clark Case* it appeared that a deed was given, and in the contract taken back the relation of debtor and creditor was created. The second party agreed to purchase the premises, and to pay therefor the sum of $10,225. Upon the payment of this sum, with interest, the first party agreed to deed the premises back. The deed and contract together were construed as a mortgage, as it was found that an agreement existed under which the vendor might insist upon a reconveyance and the vendee could insist upon repayment. But in the present case the grantor need not repurchase, except at his option, and the grantee could not insist upon repayment. This very distinction is made by 1 Jones, Mortg. § 264, above quoted.

Some claim is made that the Blumbergs treated this as a mortgage between themselves. This has no force in determining the character of the transaction. If it were merely a conditional sale at its inception, as we have found it was, the mere fact that the elder Blumberg assigned it to the complainant to perfect the title in her, after all the deeds were made, and in such assignment called it a "mortgage," cannot change the character of the instrument. The following cases support the rules here laid down, under which we have construed this instrument as a conditional sale: *Henley* v. *Hotaling*, 41 Cal. 22; *Jay* v. *Whelchel*, 78 Ga. 786; *Evans* v. *Enloe*, 70 Wis. 345; *Hubby* v. *Harris*, 68 Tex. 91; *Perdue* v. *Bell*, 83 Ala. 396; *Nesbitt* v. *Cavender*, 27 S. C. 1.

It follows that the decree of the court below must be reversed, and a decree entered here in accordance with the prayer of the complainant's bill, with costs of both courts in favor of complainant.

The other Justices concurred.