## GOGARN *v.* CONNORS.

MORTGAGES—DEEDS—CONSTRUCTION OF DEED.

The conveyance of land in consideration of a certain sum of money and an agreement by the vendee to reconvey within three years if the vendor should so elect and tender the money, must be treated as an absolute conveyance of the land with an option to repurchase, and not as a mortgage.

Appeal from Marquette; Flannigan, J. Submitted June 22, 1915. (Docket No. 91.) Decided September 28, 1915. Rehearing denied April 21, 1916.

Bill by Charles A. Gogarn and another against Thomas Connors for an accounting and to redeem from a deed absolute on its face, but alleged to have been given as security only. From a decree for defendant, complainants appeal. Affirmed.

*J. L. Heffernan,* for complainants.

*Frank A. Bell,* for defendant.

Complainant Gogarn in 1903 was in debt to defendant and wanted an advancement of money. Complainant owned 40 acres of land, described in the pleadings. Defendant furnished the money asked for, and complainant deeded him the land by warranty deed. As a part of the transaction they executed a written agreement, which recited the debt and the conveyance of the land, that the complainant desired to redeem the land, "if able, within the time limited," and provided that, in case the complainant should pay defendant $500, and all other sums of money he might be owing him, within three years, the land should be reconveyed. During the three-year period some correspondence took

188 Mich.—11.

place between the parties, in the course of which defendant furnished a statement of the amount of the indebtedness. In 1904 complainant Gogarn gave defendant a mortgage for $400, conveying the land. The debt was never paid. In October, 1913, complainant, having attempted to transfer to complainant Foard an interest in his rights, joined with him in filing in this cause the bill to redeem. The cause being at issue and heard in open court, the bill was dismissed.

OSTRANDER, J. (*after stating the facts*). The decree must be affirmed. The transaction—the deed and agreement—did not constitute a mortgage. Complainant had the right of election to pay or not to pay the debt, to refund or to keep the money. The remedies of the parties were not mutual or reciprocal. The transaction must be treated as an absolute conveyance of the land with an option to repurchase. *Swetland* v. *Swetland*, 3 Mich. 482; *Emerson* v. *Atwater*, 7 Mich. 12; *Cornell* v. *Hall*, 22 Mich. 377; *Stahl* v. *Dehn*, 72 Mich. 645 (40 N. W. 922) ; *Reed* v. *Bond*, 96 Mich. 134 (55 N. W. 619) ; *Blumberg* v. *Beekman*, 121 Mich. 647 (80 N. W. 710) ; *Sowles* v. *Wilcox*, 127 Mich. 166 (86 N. W. 689). The unmistakable intent of the parties is recited in the agreement for a reconveyance.

Defendant will recover costs.

BROOKE, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.