JOHN C. MORROW ET UX. V. NORA A. JONES.

FILED OCTOBER 2, 1894.    No. 5577.

1. **Contracts:** CONSIDERATION. Mutual promises constitute a sufficient consideration to support a contract.

2. **Statute of Frauds:** DEEDS AS MORTGAGES: REDEMPTION. J. gave a real estate mortgage to M. to secure a loan of money, and, after the debt matured, M. brought an action to foreclose the mortgage. A decree was entered, and the property sold to R. for a sum considerably less than the debt, interest, and costs. Before confirmation, M.'s attorney in the foreclosure proceedings, on behalf of M., but without his written authority so to do, wrote a letter to J., inclosing a deed for the property, in which M. was named as grantee, and an assignment of the equity of redemption, making a proposition that if J. would execute and return the deed and assignment, she could redeem the property

| 41 | 867 |
| 47 | 122 |
| 47 | 714 |
| 48 | 244 |
| 41 | 867 |
| 49 | 87 |
| 49 | 456 |
| 49 | 897 |
| 52 | 467 |
| 41 | 867 |
| 58 | 121 |
| 53 | 416 |

at any time by paying the amount of the mortgage, costs, and interest. J. accepted the proposition, executed the deed and assignment, and returned the same to the attorney, who immediately delivered them to M., who placed the same upon record. In an action to redeem, *held*, that the proposition to J. to redeem was not within the statute of frauds, notwithstanding the attorney had not been authorized in writing by M. to make the same.

3. **Principal and Agent.** A principal must adopt the acts of his agent as a whole, and will not be permitted to retain that part which is beneficial, and reject that which is not.

4. **Parol Evidence:** DEEDS AS MORTGAGES. A deed of real estate, absolute in form, may be shown by parol to have been intended by the parties to it as a security for a debt or loan, and as between such parties, at least, the instrument will be construed to be a mortgage merely.

5. **Mortgages:** DEEDS AS SECURITY. *Held*, That the relation of mortgagor and mortgagee was not changed or destroyed by the delivery of the deed on the terms upon which it was obtained, and that the deed was taken as further security for, and not in payment of, the mortgage debt.

6. **Deeds as Mortgages:** RIGHT OF REDEMPTION. A court of equity, after ascertaining that a conveyance by absolute deed is a mortgage, will allow a mortgagor, or the person who has acquired his interest in the premises, to redeem.

7. **Limitation of Actions:** MORTGAGES: REDEMPTION. The right to redeem and the right to foreclose are reciprocal, and an action to redeem may be brought at any time before the statutory bar of ten years is complete.

8. **Mortgages:** REVIEW. When a mortgagor dies, an action to redeem from a mortgage may be maintained by the person who succeeded by the mortgagor's death to his interest in the mortgaged premises.

9. ———: RENTS BEFORE FORECLOSURE. A mortgagee in possession of, and occupying, mortgaged real estate before foreclosure is liable to account for the net rental value thereof, and this even though the instrument securing the debt is, on its face, an absolute conveyance.

10. **Review:** BILL OF EXCEPTIONS: OMISSION OF EVIDENCE. The finding of the amount due the mortgagee for repairs cannot be reviewed, since the evidence upon which the same was based is not contained in the bill of exceptions.

ERROR from the district court of Douglas county. Tried below before WAKELEY, J.

The facts are stated in the opinion.

*James F. Morton* and *E. R. Duffie,* for plaintiffs in error, cited: *Morgan v. Bergen,* 3 Neb., 213; Parsons, Contracts, secs. 21, 535; Fry, Specific Performance, sec. 119; *Higginbottom v. Benson,* 24 Neb., 461.

*James W. Carr, contra:*

A conveyance of the equity of redemption, absolute in form, may be shown by parol to have been intended as security. (*Trull v. Skinner,* 17 Pick. [Mass.], 213; *Mills v. Mills,* 26 Conn., 213; *Ryan v. Dox,* 34 N. Y., 307; *Villa v. Rodriguez,* 12 Wall. [U. S.], 323; *Brown v. Gaffney,* 28 Ill., 149; *West v. Reed,* 55 Ill., 242; *Brinkman v. Jones,* 44 Wis., 498.)

An absolute deed, accompanied by a stipulation that the estate shall be reconveyed on payment of money, is a mortgage, and the grantor has a right to redeem. (*Erskine v. Townsend,* 2 Mass., 493; *Taylor v. Weld,* 5 Mass., 109; *Carey v. Rawson,* 8 Mass., 159; *Harrison v. Trustees of Phillips Academy,* 12 Mass., 456; *Scott v. McFarland,* 13 Mass., 309; *Tower v. Fetz,* 26 Neb., 713; *Russell v. Southard,* 12 How. [U. S.], 139; *Morris v. Nixon,* 1 How. [U. S.], 118; *Boyd v. McLean,* 1 Johns. Ch. [N. Y.], 582; *Ryan v. Dox,* 34 N. Y., 307; *McLaughlin v. Shepherd,* 52 Am. Dec. [Me.], 646; *Flagg v. Mann,* 2 Sumner [U. S. C. C.], 487; *Barton v. May,* 3 Sandf. Ch. [N. Y.], 492; *Lane v. Shears,* 1 Wend. [N. Y.], 433; *Walton v. Cronly,* 14 Wend. [N. Y.], 63; *Rice v. Rice,* 4 Pick. [Mass.], 349.)

Mr. Morrow, in accepting the deed from his attorney, was bound to inquire about the terms upon which it was procured. The knowledge of the attorney was the knowledge of the principal. (*First Nat. Bank of Cedar Rapids*

*v. Erickson,* 20 Neb., 580; *Coakley v. Christy,* 20 Neb., 509.)

In making the agreement for redemption the attorney acted within his apparent power, and his principal is bound, though no express authority had been conferred upon his agent. (*Webster v. Wray,* 17 Neb., 579; *Howell v. Graff,* 25 Neb., 130; *Westerfield Bank v. Cornen,* 93 Am. Dec. [N. Y.], 573; *Joyce v. Duplessis,* 77 Am. Dec. [La.], 185; *Oberne v. Burke,* 30 Neb., 581.)

A principal must adopt the agreements of the agent as a whole, or reject them as a whole. (*McKeighan v. Hopkins,* 19 Neb., 33; *Rogers v. Empkie Hardware Co.,* 24 Neb., 653; *Taylor v. Conner,* 97 Am. Dec. [Miss.], 419; *Stadleman v. Fitzgerald,* 14 Neb., 290.)

The contract to redeem was not within the statute of frauds. (*Vindquest v. Perkey,* 16 Neb., 288; *Robinson v. Cheney,* 17 Neb., 679; *McWilliams v. Lawless,* 15 Neb., 132; *Ives v. Hazard,* 67 Am. Dec. [R. I.], 500.)

NORVAL, C. J.

On or about the 6th day of December, 1877, one Harriet Jones, now deceased, being the owner in fee-simple of lot 1, in block 4, in Shull's addition to the city of Omaha, gave her promissory note for the sum of $500 to John C. Morrow, one of the plaintiffs in error, and to secure the payment of said note she, together with her husband, William D. Jones, executed and delivered to said Morrow a mortgage upon said lot. On the 12th day of October, 1880, Morrow commenced an action in the district court of Douglas county to foreclose said mortgage, service of summons being made by publication, and on the 6th day of December, 1880, a decree was entered in said cause for the sum of $625.25 and costs, and the premises were ordered sold for the payment thereof. An order of sale was thereafter issued, and on the 12th day of February, 1881, said real estate was sold to one Lewis S. Reed for $611, that

being about $125 less than the amount of the decree, interest, and costs. On February 16, 1881, Morrow, by his attorney, James F. Morton, filed a motion in the said cause to set aside the sale, and on the 19th day of the same month said motion was overruled by the court. Subsequently, on the 21st day of February, 1881, said Morton, who was then, and from the commencement of the suit had been, the attorney of record for the plaintiff therein, without any authority from said Morrow, wrote and transmitted by mail tô said Harriet Jones a letter, inclosing therein for execution by her a quitclaim deed for said lot and a written assignment of the equity of redemption from said Harriet Jones to said Morrow. The following is a copy of said letter:

"OMAHA, NEB., February 21, 1881.

"*Harriet Jones*—DEAR MADAM: I am instructed by my client, J. C. Morrow, to write and inform you that on sale in foreclosure of mortgages of your property, the same was sold for $611 (the appraisement was $530), leaving a deficit on the mortgage and cost of $125, for which we will still have a judgment against you. Since the sale we have concluded to take the property and cancel the judgment if you desire to do so by signing to Mr. Morrow your equity of redemption, and thus enable him to redeem from the purchaser. He also instructs me to say to you that at any time in the future you desire to redeem your property from him you can do so by paying amount of mortgage and costs with interest. If you desire to avail yourself of this offer, you can do so by signing and ack. the inclosed assignment of your equity of redemption and quitclaim deed to Morrow. You will acknowledge the same before the clerk of a court of record and return the same to my address, and I will send you the certificate of cancellation of mortgage. If this is done, it must be done at once, for the sale comes up for confirmation on March 5, 1881, and after the confirmation of sale, under our stat-

utes, the property can no longer be redeemed, and your eq-
uity of redemption is lost to you, or any one else.  If you
so instruct me, I will have Judge Redick, as your attorney,
appear for you in the redemption matter, and we will pay
him for his services without expense to you.  Be kind
enough to answer at once so we can deposit the money
with Judge Redick to redeem the property.  I am, with
much respect,

.           " Your ob't serv't,       JAMES F. MORTON,
                                    "Att. for J. C. Morrow."

This letter, together with the deed and the assignment
of the equity of redemption, was in due time received by
Harriet Jones, who accepted the proposition, and on the
28th day of February, 1881, executed and acknowledged
the quitclaim deed sent to her for that purpose, returned
the same to said Morton, who, upon receipt thereof, de-
livered the same to said Morrow, who accepted and placed
the deed upon record.  On February 26, 1881, the pur-
chaser of said lot procured an order to show cause why
said sale should not be confirmed, and on March 5, 1881,
Morrow filed with the clerk of the district court exceptions
to the confirmation, also a receipt, signed by himself, ac-
knowledging full satisfaction of the decree of foreclosure.
On the 9th day of said month said Morton, as the attorney
for Morrow, wrote and transmitted by mail to said Harriet
Jones another letter, acknowledging the receipt of the quit-
claim deed, and urging her to execute and return the as-
signment sent to her with the deed.  Upon the receipt of
this letter Mrs. Jones executed the assignment of the
equity redemption which had been previously sent her as
aforesaid and returned the same to Morton, who, immedi-
ately upon the receipt thereof, delivered the assignment to
Morrow, who filed the same in said cause.  Subsequently
the motion to confirm the sale was overruled and the sale
set aside, and Morrow, in pursuance of said agreement, re-
deemed said lot, and claims to be the owner thereof.  Im-

mediately upon receiving the deed and assignment Morrow took possession of the premises, and from thence has exercised control over the same, collecting the rents arising therefrom and applying the same to his own use.   He has also paid for the making of repairs on the premises.

It further appears that said Harriet Jones obtained a divorce from said William D. Jones, and subsequently married one Harry Merriam; that on the 30th day of October, 1888, and prior to the commencement of this suit, Harriet Merriam, formerly Harriet Jones, tendered to said Morrow, and offered to pay him, the full amount due him on said mortgage, after deducting the amount of rents and profits collected by him in excess of taxes by him paid, and demanded of said Morrow a deed for said lot, who refused to receive the money or execute a deed as requested. Harriet Merriam, *née* Jones, thereupon brought this action against John C. Morrow and F. M. Morrow, his wife, to have the deed declared a mortgage and to redeem the property and compel said Morrow to execute and deliver to her a deed to said lot.   After the beginning of the action, the plaintiff died, leaving Nora A. Jones, her daughter, sole and only heir at law, who was a minor over the age of fourteen years.   Mary A. Elliott is the duly appointed guardian of said minor, and this action was revived in the name of said Nora A. Jones.

The trial court, upon the issues joined, made a finding that the plaintiff was entitled, and has the right, to redeem the real estate in dispute from the mortgage, on payment of such sum or sums as are due on account of the principal and interest of said mortgage, and the costs of foreclosure proceedings, and all repairs and valuable improvements made by said John C. Morrow upon said premises, after deducting all sums received or collected by him as rents for the use of the premises.   The court also appointed a referee to state the account between the parties. On the coming in of the report of the referee a decree

was entered confirming said report and his finding that there was due from the plaintiff to the said defendant the sum of $859.43, and ordering, upon the payment of the said sum within sixty days by the plaintiff, together with the sum of $100 as compensation to the defendant for collecting rents and caring for the premises, that the defendants be required to make, execute, and deliver a deed conveying said premises to said plaintiff, and the clerk of the district court was appointed a special master commissioner for the purpose of executing and delivering said deed in case the defendants should fail so to do. To reverse this decree the defendants prosecute a petition in error to this court.

It is claimed, in the first place, that no consideration passed to the plaintiff in error, John C. Morrow, for the making of the proposition or agreement, and, therefore, the promise is not binding in law. It is elementary that mutual promises constitute a good consideration for a contract. By the written proposition submitted to Mrs. Jones she was promised the right to redeem the property at any time by paying the amount of the mortgage and costs, with interest, in case she would execute a quitclaim deed to the premises and an assignment of her equity of redemption. The deed and assignment were duly executed and delivered, and they certainly constitute a valid and binding consideration for the promise and agreement made by Morrow. Without the deed and assignment he could not have redeemed the premises from the foreclosure sale, but would, in all probability, have been forced to lose $125 of his debt. By the new arrangement he was to receive the full amount of his debt, interest, and costs, in case Mrs. Jones should redeem from the mortgage.

The second point, and the one most relied upon for a reversal, is that the promise is void under the 3d, 8th, and 25th sections of the statute of frauds, inasmuch as the proposition to redeem was made without Morrow's knowl-

edge or consent and without his written authority for so doing. The sections referred to read as follows:

"Sec. 3. No estate or interest in land, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, or surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same."

"Sec. 8. In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged therewith: First—Every agreement that by its terms is not to be performed within one year from the making thereof. Second—Every special promise to answer for the debt, default, or misdoings of another person. Third—Every agreement, promise, or undertaking made upon consideration of marriage, except mutual promises to marry. Fourth—Every special promise by an executor or administrator to answer damages out of his own estate."

"Sec. 25. Every instrument required by any of the provisions of this chapter to be subscribed by any party may be subscribed by his agent, thereunto authorized by writing."

It is true that Mr. Morrow gave no written authority to his attorney to make, on his behalf, the proposition he did; yet we are unwilling to yield assent to the doctrine that the agreement is for that reason void and unenforceable. By the statute of frauds, a binding contract for the sale of lands cannot be executed by an agent of the land owner, unless he be authorized by writing. (*Morgan v. Bergen*, 3 Neb., 209.) The statute does not require that a contract for the sale of lands must be signed by the purchaser or by his agent authorized in writing. An agent may contract for his principal for the purchase of land, even though his authority to do so is not in writing. In

this case Morrow was the vendee, or mortgagee, and there
was no necessity that his agent, Morton, should have been
empowered in writing to enter into the contract for him.
It is said that Morton had no authority to make the agree-
ment, and the record so discloses; but that is unimportant,
since it is undisputed that Mr. Morrow accepted the deed
and assignment and placed the same upon record, thereby
accepting the benefits of the proposition submitted by Mr.
Morton, and ratifying his acts. A principal will not be
permitted to adopt that part of a contract made by an agent
which is beneficial and reject that which is not. He must
adopt the acts of his agent as an entirety, or not at all. It
is conceded that Mr. Morton, on behalf of his client, agreed,
in unequivocal terms, that if Mrs. Jones would deed the
mortgaged premises to Mr. Morrow and assign the equity
of redemption to him, she could redeem the property at any
time by paying the mortgage debt, with interest and costs.
The proposition was immediately accepted, and, through
this agreement, Mr. Morrow obtained the conveyance and
assignment, and by retaining them he is bound by the terms
and conditions upon which they were obtained. (*McKeighan
v. Hopkins*, 19 Neb., 33; *Rogers v. Empkie Hardware Co.*,
24 Neb., 653.) It is clear that the conveyance made by
Mrs. Jones, although absolute on its face, was intended and
understood by the parties to be a mortgage to take the place
of the one which had therefor been given, and which had
already gone to a decree of foreclosure. The assignment
of the equity of redemption was for the purpose of author-
izing Morrow to redeem from the sale in the foreclosure
suit. We entertain no doubt, and this and other courts
have so declared, that a deed of real estate, absolute in its
terms, may be shown by parol to have been intended by the
parties as a mortgage, and as between the parties, at least,
it will be construed to be a mortgage merely. (*Tower v. Fetz*,
26 Neb., 706, and cases there cited.) It therefore follows
that the proposition of Morton to allow Mrs. Jones to re-

deem is not within the statute of frauds, because Morton had no written authority from his principal to make the same. A verbal agreement to reconvey upon his payment of the debt would have been binding. The relation of mortgagor and mortgagee was not changed, or destroyed, by the execution of the deed, upon the terms upon which it was obtained, it being clear that the conveyance was intended merely as a new form of security for the original debt. (*Tower v. Fetz*, 26 Neb., 706; *Brinkman v. Jones*, 44 Wis., 498; *Alexander v. Rodriguez*, 12 Wall. [U. S.], 323; *Kirchoff v. Union Mutual Life Ins. Co.*, 33 Ill. App., 607.) *Tower v. Fetz*, *supra*, is quite similar in its facts to the case before us. There the defendant in error Fetz executed a mortgage on his farm to one Fay to secure a loan of money, the loan being negotiated through the plaintiff in error Tower, who attended to the collecting of the interest. Fetz made default in the payment of his interest, and Tower being absent, wrote to one Dent, his agent, that he would assume the mortgage in consideration of a warranty deed of the farm. Thereupon Dent called upon Fetz and demanded the interest, and informed him unless some arrangement was made the mortgage would be foreclosed; that if Fetz would convey the farm to Tower, the latter would sell the same, and whatever was realized above the mortgage taxes and expenses Fetz should receive. Relying upon said promise, Fetz executed a warranty deed of the farm to Tower, who subsequently sold the land for $1,200 over and above the mortgage. In an action by Fetz against Tower to recover said sum the deed, as between the parties, was held to be a mortgage.

It is next argued that the right of redemption should have been exercised within a reasonable time after the execution of the deed, and this action cannot be maintained, inasmuch as no offer to redeem the premises from the equitable mortgage was made until eight years had elapsed. No adjudicated case has been cited by the able and astute

counsel for plaintiffs in error to sustain the proposition,
nor, after diligent search, have we been able to find such
authority.   We are familiar with the general rule laid down
by Mr. Parsons and other writers on the law of contracts,
quoted in the brief of counsel, "that when no time is
specified it is a presumption of law the parties intended
and agreed the thing should be done in a reasonable time;"
but this doctrine cannot be invoked here.   Suppose a mort-
gage, in express terms, as is usually the case, specifies the
time within which the debt secured thereby shall be paid,
would the date thus stated fix the period in which the
mortgagor would have the right to redeem?   Certainly not.
This court has held that a mortgagor may redeem at any
time before there has been a confirmation of the sale.  (*Tootle
v. White*, 4 Neb., 401.)   Doubtless, where, as in the case at
bar, a deed, absolute on its face, was given and intended as a
security for a debt, an action to have the deed declared as a
mortgage and to redeem will not lie after the right to fore-
close is barred by the ten years statute of limitation.   The
rule is the right to foreclose and the right to redeem are
reciprocal.   Therefore, an action to redeem may be brought
at any time before the statutory bar of ten years is com-
plete.  (*Seawright v. Parmer*, 7 So. Rep. [Ala.], 201; *Green
v. Capps*, 31 N. E. Rep. [Ill.], 597; *Rogers v. Benton*, 38
N. W. Rep. [Minn.], 765, and cases there cited.)   It fol-
lows that the plaintiff was not precluded from maintaining
this action by the lapse of time.

We will next consider the objection that this action was
improperly revived in the name of Nora A. Jones.   As
elsewhere stated, the suit was originally brought by Har-
riet Jones, afterwards Merriam, the grantor in the deed,
and that during the pendency thereof she died intestate,
leaving her surviving one child, the said Nora A., who
was the deceased's sole and only heir at law, and in whose
name these proceedings were revived.   In the first place
we remarked that neither the order of revivor, nor the pe-

tition upon which the same was based, is in the record be-
fore us.   The stipulation of the parties, which is incorpo-
rated in the bill of exceptions in the case, does, however,
state, *inter alia,* " that this cause of action was duly revived
in the name of the said Nora A. Jones by Mary A. Ell-
iott, her guardian."   This stipulation of the parties fully
meets the contention of the plaintiffs in error, and by this
admission of record they are estopped to assert that the
cause was not revived in the name of the proper person.
But it is not necessary to, nor do we, place our decision on
such technical ground alone.   The right of Mrs. Merriam
to redeem was not a mere personal right, running to herself
alone, but was such a right as descended on her death to
her heirs.   When a mortgagor dies, an action to redeem
from a mortgage may be maintained by any person who
succeeded by his death to his interest in the mortgaged
premises, whether it be heir or devisee. (*Zaegel v. Kuster,* 7
N. W. Rep. [Wis.], 781 ; *Barr v. Van Alstine,* 22 N. E. Rep.
[Ind.], 965; *Squire v. Wright,* 48 N. W. Rep. [Mich.],
286.)   Nora A. Jones, the plaintiff below, being the sole
heir of the vendor and mortgagor, has such an interest in
the real estate in dispute as entitles her to maintain a suit
to have the deed declared a mortgage and to redeem; hence,
this action was rightly revived in her name.

It is also insisted that the referee and court both erred in
charging the plaintiffs in error with the rents and profits
received from the real estate subsequent to the execution of
the quitclaim deed.   In argument it is said that from the
time the deed was executed Morrow was the holder of the
legal title, and entitled to the legal possession. and use of
the property, and at most he was only chargeable for the
rents and profits for a reasonable time after the making of
the conveyance.   As we have already seen that, although
the deed was absolute in its terms, nevertheless the relation
of mortgagor and mortgagee existed between the parties to
the instrument; and it is the settled law of this state, pro-

mulgated in more than one decision of this court, that a
mortgagee in possession of, and occupying, mortgaged
premises before foreclosure is liable to account for the net
rental value thereof (*Comstock v. Michael*, 17 Neb., 288),
and this though the instrument securing the debt is, on its
face, an absolute conveyance. (*Kemp v. Small*, 32 Neb., 318.)
There was no error, therefore, in charging Morrow with
the net rents and profits derived by him from the property
up to the entry of the decree in the case. The court
awarded him $100 for his services in the collection of the
rents, which, we think, was a very liberal allowance. We
are familiar with the decision in *Higginbottom v. Benson*,
24 Neb., 461, cited by plaintiffs in error, having tried the
cause in the district court. That case is clearly distinguish-
able from the one before us. That was an action to fore-
close several junior mortgages. The senior mortgage had
already been foreclosed and the property sold under the
decree to one Benson, but the holders of the junior mort-
gages had not been made parties to the suit. Benson pur-
chased in good faith, believing that he was acquiring a
perfect title, and subsequently he took possession of the
property and made valuable and lasting improvements
thereon. It was held in the second foreclosure case that
while Benson was entitled to credit for such improvements,
he was not chargeable with the rental value of the real es-
tate during his possession. Benson was not a mortgagee;
but having become the owner of the legal title held by the
mortgagor at the date the first mortgage was executed, he
was not liable to account to the junior mortgagees for the
value of the rents while he was in possession.

Lastly, it is urged that the referee did not allow Mr.
Morrow the full amount of money expended by him for
repairs on the property. The referee allowed him $94.50
for repairs. Whether this sum is insufficient or not we are
unable to decide, since the evidence upon which the referee
based such finding is not incorporated in the bill of excep-

tions before us. We must presume, therefore, that the evidence adduced supported the finding.

There being no reversible error in the record, the decree is

AFFIRMED.