HENRY WINKELMANN, APPELLANT, v. THEODORE LUEBBE ET AL., APPELLEES.

38 N. W. 2d 334

Filed June 29, 1949. No. 32586.

*McKillip, Barth & Blevens,* for appellant.

*Thomas & Cattle,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Henry Winkelmann brought this action in the district court for Seward County against Theodore D. Luebbe,

Walter A. J. Luebbe, Fay L. Garner, Mathilda M. C. Meyer, and their respective spouses, together with Herman E. Petersen and Theodore D. Luebbe as executors of the estate of Elizabeth Ficke, deceased, and Herman E. Petersen, a single man. The purpose of the action is to specifically enforce an oral agreement permitting the plaintiff to redeem lands he conveyed to Elizabeth Ficke in her lifetime and to require the executors of her estate to execute and deliver to the plaintiff a deed therefor. The trial court found generally for the defendants and dismissed plaintiff's petition. His motion for new trial having been overruled, the plaintiff appealed.

The action being in its nature equitable is reviewable here de novo.

The lands herein involved are the south half of the southeast quarter of Section 12, Township 11 North, Range 1 East, and the southwest quarter of the southwest quarter of Section 7, Township 11 North, Range 2 East, of the 6th P. M., all in Seward County, Nebraska.

The evidence shows that appellant and his family moved onto these lands in 1910 and have lived there ever since. When appellant moved onto these lands they were owned by Herman Harlan, from whom he leased them. He continued to live thereon as tenant until 1923. In 1923 these lands were sold at public sale and appellant purchased them for a consideration of $21,050. The deed thereto was dated March 1, 1923.

In order to finance this purchase appellant borrowed, through B. F. Norval of Seward, the sum of $12,000 and gave a first mortgage on the premises as security therefor. The money loaned by Norval belonged to Elizabeth Ficke, who had no interest in the premises, and the mortgage note and mortgage were made payable to her. The original loan was for five years at five percent interest. When it became due in 1928 and again in 1933, it was renewed upon the same terms. Appellant paid the interest on the loan until 1937, the last payment being made

in the spring of that year. He also paid the taxes up to and including the first half of 1941.

In the spring of 1942, over five years interest then being due and unpaid, Elizabeth Ficke, who will hereinafter be referred to as Miss Ficke, went out to see the appellant at his farm home. Up to this time these people were strangers, all of the business between them had been done through the office of Norval Brothers. A series of negotiations then took place between appellant and Miss Ficke. As a result of these negotiations they met in the office of Norval Brothers in Seward on June 15, 1942. A warranty deed was there drawn in favor of Miss Ficke for a consideration of $14,770, which was the full amount of principal and interest then due on her loan. This deed was signed by appellant and his wife and their signatures were acknowledged by a notary public. The deed was then delivered to Miss Ficke. In return therefor the debt was satisfied and the mortgage note and mortgage were given to appellant. Subsequently, on July 8, 1942, the deed was recorded and the mortgage released. It would appear that the fair and reasonable market value of the land at the time of giving this deed was between $8,400 and $9,000.

The record is not too clear but apparently appellant paid rent for 1942. On November 4, 1942, a written lease was entered into for 1943 for a cash rental of $600. Thereafter it appears that appellant held over under this lease and paid rent for the following years although just what amounts he paid are not clearly shown.

For some 18 years prior to her death Miss Ficke lived in the home of her nephew Herman Petersen. Herman Petersen lived on a farm located southeast of Seward. Miss Ficke became ill in September 1946 and it was discovered she was afflicted with cancer. As a result of this condition she died on January 27, 1947. This action was brought on April 29, 1947.

Miss Ficke left a last will and testament which was allowed and admitted to probate by the county court of

Seward County on February 21, 1947. Therein she selected the appellees Herman E. Petersen and Theodore D. Luebbe to serve as executors of her estate and gave them full authority to sell her real estate and distribute the net proceeds thereof to her niece and nephews, the appellees Mathilda M. C. Meyer, Theodore D. Luebbe, Walter A. J. Luebbe, Herman E. Petersen, and Fay L. Garner.

Appellant's evidence, both received and offered, tends to prove that during the several negotiations between appellant and Miss Ficke, leading up to the deed of June 15, 1942, that Miss Ficke promised that if at any time within five years thereafter he could pay her what she had in the farm she would deed it back to him. It is this offer he seeks to enforce.

It is true, in this jurisdiction, that if the deed is in fact intended as a mortgage and only security for a debt owing that such an agreement is enforcible and may be established by parol evidence, but it must be established by clear, satisfactory, and convincing evidence. Morrow v. Jones, 41 Neb. 867, 60 N. W. 369; Butler v. Peterson, on rehearing, 79 Neb. 715, 116 N. W. 515; O'Hanlon v. Barry, 87 Neb. 522, 127 N. W. 860; Cox v. Young, 109 Neb. 472, 191 N. W. 647.

With regard to this burden we said in Riley v. Riley, 150 Neb. 176, 33 N. W. 2d 525:

"Has plaintiff sustained the burden of proving an oral contract the terms of which are clear, satisfactory, and unequivocal; that is, does the evidence of plaintiff with clarity, satisfactorily, and unequivocally, or as unequivocally is defined, not doubtfully and not ambiguously but clearly, when all of its parts and the elements of a contract are taken into consideration, indicate the existence of a contract? If it does then the requirements of the rule in this respect have been satisfied.

"The rule is not one of weight but of quality and substance of evidence. It means that when he has done

this, in the absence of anything to the contrary, his burden in this respect has been sustained."

Assuming the oral agreement herein sought to be enforced comes within the foregoing class, which we find it does not, we do not think the evidence, both received and offered, is of such character as to sustain appellant's burden.

There is no question but what a mortgagee may purchase the mortgaged property and thus acquire the absolute ownership thereof. Here the oral agreement sought to be enforced would permit the appellant, at any time within five years after June 15, 1942, to require the grantee to reconvey the property to him by paying the purchase price. Whether such an agreement is called a condition subsequent or an option to repurchase, which we find it to be, the appellant cannot recover in either event.

As to the former, we said in Lefferdink v. Schmutte, 149 Neb. 695, 32 N. W. 2d 194: "The effect of the evidence rejected was to prove by parol and to attach to the note a condition subsequent. There is no doubt on the record that the note was based on a valid consideration and was for an amount of money due and owing and that it was intended to be a valid and binding obligation. * * * The purpose of the evidence was to effect a modification or change by parol of the note the validity of which as a binding obligation from the date of execution was not brought by evidence into question. This being true, under well-settled legal principles of law the trial court rightly rejected the evidence." See, Security Savings Bank v. Rhodes, 107 Neb. 223, 185 N. W. 421, 20 A. L. R. 412; Spiegal & Son v. Alpirn, 107 Neb. 233, 185 N. W. 415; Weidenfeld v. Olson, 132 Neb. 303, 271 N. W. 806.

We said in Anderson v. Lincoln Joint Stock Land Bank, 131 Neb. 150, 267 N. W. 355: "The allegation in the petition that the deed was given upon consideration to reconvey for a certain sum and the allegation of the

reply that the deed was given as additional security are inconsistent and contradictory. The one presupposes the passing of the legal title by the grantor; the other, that the legal title is retained by the grantor."

As stated in Sauer v. Fischer, 247 Mich. 283, 225 N. W. 518, 65 A. L. R. 766: "A deed, in terms conveying a title in fee simple, is not to be held a mortgage, unless given to secure payment of a debt or loan. If personal liability to pay the debt is extinguished and it is optional with the grantor to rescue the property by payment, or relinquish it by nonpayment, it is an absolute sale with privilege of repurchase, and not a mortgage. See Blumberg v. Beekman, 121 Mich. 647; Gogarn v. Connors, 188 Mich. 161."

And as stated in Esch v. Leitheiser, 117 Ind. App. 338, 69 N. E. 2d 760: "It is true that appellant continued to have the right to repurchase the property at a certain price, within a certain time, at her option, but the mortgage relationship did not necessarily continue because of that fact. As said by Justice Mitchell, speaking for the Supreme Court in Voss v. Eller (1887), 109 Ind. 260, at page 264, 10 N. E. 74, at page 76: 'It does not follow that a debtor may not convey property to his creditor in payment of an existing debt, nor that the two may not, by a contract made at the time of a conveyance so made, thereafter occupy the relation of vendor and purchaser toward each other, in respect to the land so conveyed. If the pre-existing liability of the debtor is extinguished, and the personal remedy of the creditor is released in consideration of a sale and conveyance of the property, the fact that a contract to resell, upon certain terms and conditions, is entered into, does not constitute the transaction a mortgage. Or, if, as a result of the agreement, the debt is extinguished, leaving the grantor the option to pay or not, as he pleases, and thereby entitle himself to a reconveyance, the transaction operates as a conditional sale.' "

"Oral agreements for the sale of lands are void on

their face as within the statute of frauds because not in writing, even though proved by clear and satisfactory evidence, unless there has been part performance by the promisee which is solely referable to the contract sought to be established and not such as might be referable to any other contract or situation." Herbstreith v. Walls, 147 Neb. 805, 25 N. W. 2d 409. See, also, Overlander v. Ware, 102 Neb. 216, 166 N. W. 611; Taylor v. Clark, on rehearing, 143 Neb. 563, 13 N. W. 2d 621; Crnkovich v. Crnkovich, 144 Neb. 904, 15 N. W. 2d 66; Lintz v. Apking, 145 Neb. 714, 18 N. W. 2d 55; Caspers v. Frerichs, 146 Neb. 740, 21 N. W. 2d 513; Baker v. Heavrin, 148 Neb. 766, 29 N. W. 2d 375.

No such part performance as would take the case out from under the statute of frauds has either been alleged or proved. We therefore come to the conclusion that the judgment of the trial court is correct and therefore is affirmed.

AFFIRMED.