HENRY E. DINGWERTH, APPELLANT, v. FRANK ASSENDROP, APPELLEE.

51 N. W. 2d 756

Filed February 15, 1952. No. 33065.

*Dobry & Dobry, Thomas W. Lanigan,* and *Cunningham, McDermott & Cunningham,* for appellant.

*Haggart & Haggart,* and *Harold A. Prince,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This action was brought in the district court for Howard County by Henry E. Dingwerth against Frank Assendrop. The action was brought for the purpose of requiring the defendant to specifically perform an alleged oral promise that he would, upon certain conditions being performed by plaintiff, reconvey to the plaintiff certain real estate located in Howard County. Trial was had and, at the close of plaintiff's testimony, the trial court sustained defendant's motion for judgment and dismissed the action. Plaintiff filed a motion for new trial and, from the overruling thereof, took this appeal.

The lands involved are described as follows: "The east half of the Southwest quarter (E½ SW¼) and West sixty (60) acres of the Southeast quarter (SE¼) of Section seven (7), and also the Northeast quarter (NE¼), except the East half of the East half thereof, of Section eighteen (18), all in Township thirteen (13) North, Range Nine (9), West of the 6th principal meridian, in Howard County, Nebraska, * * *."

This action was commenced on July 14, 1950. It is equitable in its nature. The record discloses that appellant bought the 260-acre farm herein involved in 1926, and he and his family moved onto it in 1927. He bought it for $32,000 and subsequently, while still the owner, put on improvements costing about $2,500.

Appellant borrowed money from appellee and on December 1, 1933, gave appellee a note of $9,000 evi-

dencing the indebtedness and also a first mortgage on the above-described lands as security therefor. The note was due in five years and provided for interest to be paid on the principal at five percent per annum. On April 26, 1938, none of the principal had been paid nor had any interest been paid thereon. At that time the interest on the obligation amounted to over $1,950. In addition the appellant had not paid the taxes on the premises for the last half of 1936 and all of 1937. Just what these amounted to is not definitely shown but apparently it was somewhere between $122.64 and $162.24.

Because of these delinquencies appellee threatened appellant with foreclosure. As a result of negotiations resulting therefrom the appellant and his wife, on April 26, 1938, conveyed the lands to appellee. As consideration for the conveyance the mortgage obligation was canceled and the mortgage released, appellant was given a lease of the premises for the year 1938 free of any charges for rent, and, in addition thereto, appellee paid appellant $200.

During the years following the execution and delivery of the deed appellee paid all taxes assessed and levied on the lands, kept the buildings insured, caused improvements and repairs to be made for which he paid, and, in general, treated the land as his own and the appellant as his tenant. It is significant that during these same years appellant treated the appellee as his landlord and occupied the farm as his tenant paying rent to the appellee for the use thereof in excess of $14,650 during the ten years following 1938 for which he asks no accounting.

In his amended petition appellant sets forth the oral promise upon which he relies, and which he claims was an inducement for the execution of the deed, as follows: "That in pursuance of the discussions had between the plaintiff and defendant aforesaid, a few days before the 26th day of April, 1938, defendant came to plaintiff's home and informed plaintiff that he had a proposition

to make to the plaintiff so that it would not be necessary to foreclose the mortgage and submitted the following offer to the plaintiff, to-wit: * * * that the defendant would deed the farm back to the plaintiff whenever the plaintiff was able to pay the principal, interest and taxes then due, at any time during their lifetime; * * *."

Appellant testified appellee said: " 'You deed the farm to me and I'll deed it back to you any time you can pay me, * * *.' "

Appellant's evidence, both offered and received, tends to prove that during the negotiations leading up to the deed of April 26, 1938, that appellee promised that if at any time appellant could pay him what he then owed he would deed the farm back to him. It is this oral promise to let appellant repurchase the lands which appellant here seeks to enforce.

The factual situation is the same as was involved in Winkelmann v. Luebbe, 151 Neb. 543, 38 N. W. 2d 334, and what was therein held is here controlling.

The principles therein announced are as follows:

"If a deed is in fact intended as a mortgage and only given as security for a debt such an agreement is enforcible and may be established by parol evidence but it must be established by evidence that is clear, satisfactory, and convincing.

"A deed, in terms conveying a title in fee simple, is not to be held a mortgage, unless given to secure payment of a debt or loan. If personal liability to pay the debt is extinguished and it is optional with the grantor to rescue the property by payment, or relinquish it by nonpayment, it is an absolute sale with privilege of repurchase and not a mortgage.

"Oral agreements for the sale of lands are void on their face as within the statute of frauds because not in writing, even though proved by clear and satisfactory evidence, unless there has been part performance by the promisee which is solely referable to the contract sought

to be established and not such as might be referable to any other contract or situation."

No such part performance as would take the case out from under the statute of frauds has either been alleged or proved. We therefore come to the conclusion that the judgment of the trial court is correct and it is therefore affirmed.

AFFIRMED.