CHARLIE CIZEK, APPELLANT, v. RICHARD L. CIZEK ET AL., APPELLEES.

266 N. W. 2d 68

Filed May 17, 1978. No. 41501.

Marc J. Weinpel of Peetz, Peetz & Weinpel, for appellant.

Donald J. Tedesco, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ..

WHITE, C. J.

Plaintiff brought this action in equity seeking to have a deed declared a mortgage and set aside, and for an accounting. Defendants filed a demurrer which was sustained. Plaintiff was allowed additional time to amend his petition, and did so. Defendants renewed their demurrer to plaintiff's amended petition, and it was again sustained. Plaintiff was allowed additional time to further amend his petition, but elected to stand on his petition. Defendants filed a motion to dismiss which was sustained. Plaintiff's motion for a new trial was overruled and he now appeals. We affirm the judgment of the District Court.

The sole issue on appeal is the correctness of the District Court in sustaining defendants' demurrer. "A general demurrer tests the substantive legal rights of the parties upon admitted facts, including proper and reasonable inferences of law and fact which may be drawn from facts which are well pleaded. * * * If the petition states facts which entitle the plaintiff to relief, whether legal or equitable, it is not demurrable upon the ground that it does not state facts sufficient to constitute a cause of action." Pfeifer v. Ableidinger, 166 Neb. 464, 89 N. W. 2d 568 (1958). On reviewing the sustaining of a demurrer, this court must treat as undisputed the facts as al-

leged in the petition. Swassing v. Baum, 195 Neb. 651, 240 N. W. 2d 24 (1976).

Plaintiff's pleadings disclose the following transaction. On March 26, 1957, plaintiff and his mother, Anna Cizek, entered into an agreement with Joe Cizek, plaintiff's brother and the father of the defendants. This agreement recited the following facts at its onset. Plaintiff and Anna Cizek were the equitable owners of certain land located in Cheyenne County, Nebraska; an outstanding mortgage in the sum of $8,000 with delinquent interest existed on this real estate at the time of the agreement; plaintiff was indebted in the sum of $40 per month for child support pursuant to a court decree which becomes a lien against this real estate as it accrues; and that Anna Cizek was 77 years old, without any independent income, and plaintiff was financially unable to maintain and carry on any farming operations.

The terms of this agreement were as follows: Plaintiff and Anna Cizek agreed to give to Joe Cizek a warranty deed for the subject real estate, subject to liens of record. Joe Cizek agreed and promised to: Pay all delinquent items on the mortgage and on child support at the time of transfer of the deed, pay Anna Cizek $25 per month, and to keep up all future payments on the mortgage, taxes, and other liens against the land.

Joe Cizek was to have full control over the operation of the farm land. Plaintiff and Anna Cizek were to have full control, possession, and the right to live in the farm buildings on the subject real estate. The contract was to last for a period of 10 years or until Anna's death, whichever was longer. Plaintiff and/or Anna Cizek were given the option at any time during the contract to reimburse Joe Cizek for amounts paid by him pursuant to the agreement, plus interest at 6 percent per annum, with credits for amounts equal to one-third of the crop raised on the subject land and any other income derived from the

land exclusive of two-thirds of the growing crops. Joe Cizek was required to keep an account of all income realized from the subject real estate.

The agreement concluded: "This contract is binding on the heirs, executors, assigns and successors of the respective parties hereto and subject only to the option herein granted by the said Joe Cizek to the parties of the second part, the party of the first part, Joe Cizek, shall have exclusive control and a vested fee title in said premises subject only to the option as herein above set forth."

A copy of the deed, in addition to a copy of the agreement, was attached to plaintiff's petition. The deed, dated March 25, 1957, is absolute on its face, with no restrictions or qualifications and subject to no encumbrances other than "outstanding oil and gas lease and liens of record." Anna Cizek died on or about October 8, 1969. Joe Cizek died on or about August 7, 1972. A copy of the final decree in the estate of Joe Cizek was attached to plaintiff's petition. This document indicates that the subject real estate was included as an asset in his estate and that it was taken into consideration in the distribution of his estate between his various heirs.

In his petition plaintiff contends that the deed was not meant to be an absolute conveyance but that in reality it was in effect a mortgage meant to secure a loan from Joe Cizek to plaintiff. Plaintiff alleges that the amounts to be credited by Joe Cizek [crop share, etc.] to the plaintiff greatly exceed any amounts expended by Joe Cizek pursuant to the agreement. Plaintiff seeks an accounting to determine by how much, if any, these amounts exceed those expended by Joe Cizek and to have any excess paid to him. He further seeks to have the deed canceled or, in the alternative, that he be permitted to tender an amount equal to the sums expended by Joe Cizek pursuant to the agreement in return for a cancellation of the deed.

In Winkelmann v. Luebbe, 151 Neb. 543, 38 N. W. 2d 334 (1949), we stated: "A deed, in terms conveying a title in fee simple, is not to be held a mortgage, unless given to secure payment of a debt or loan. If personal liability to pay the debt is extinguished and it is optional with the grantor to rescue the property by payment, or relinquish it by nonpayment, it is an absolute sale with privilege of repurchase and not a mortgage."

In Dingwerth v. Assendrop, 155 Neb. 343, 51 N. W. 2d 756 (1952), this court held: " 'If a deed is in fact intended as a mortgage and only given as a security for a debt such an agreement is enforceable and may be established by parol evidence but it must be established by evidence that is clear, satisfactory and convincing.' "

In Arla Cattle Co. v. Knight, 174 Neb. 360, 118 N. W. 2d 1 (1962), it is stated: " 'A safe and perhaps the most satisfactory test, in all such cases [where it is contended that an absolute conveyance of real estate is in actuality a mortgage], is whether the relation of the parties to each other as debtor and creditor continues. If it does, the transaction will be treated as a mortgage, otherwise not * * *.' "

The District Court correctly concluded that plaintiff's petition failed to state a cause of action. Prior to the conveyance of the subject real estate to Joe Cizek, plaintiff was not indebted in any manner to Joe Cizek. Plaintiff was, however, indebted to various third parties and was not in a position to meet these obligations. Plaintiff's mother, Anna Cizek, was unable to provide for her support nor was plaintiff able to provide therefor. In return for the conveyance, Joe Cizek agreed to provide for the future support of Anna Cizek, pay plaintiff's present indebtedness, and pay for certain future indebtedness as it accrued. Plaintiff and his mother were permitted to live on this land. Their agreement specifically, clearly, and unequivocally provided that the

conveyance to Joe Cizek was to be absolute, subject only to the option of obtaining the property back by reimbursing Joe Cizek for the amounts expended by him pursuant to the agreement with interest. This option was expressly limited in duration to the lifetime of the contract; which was expressly stated as 10 years or until the death of Anna Cizek, whichever was longer. The agreement was entered into on March 26, 1957. Anna Cizek died on October 8, 1969. There was no allegation that plaintiff ever exercised or attempted to exercise this option during the requisite period. There was no allegation that plaintiff ever asked for the return of this property. Plaintiff is contending, in effect, that at such time when the amounts to be credited against the amounts paid out by Joe Cizek exceed the latter, the option somehow exercised itself.

The District Court concluded that, in any event, plaintiff's petition disclosed laches on its face. The action was filed on June 23, 1976. Plaintiff argues that since the statute of limitations, as provided in section 25-202, R. R. S. 1943, has not run, his petition cannot be guilty of laches on its face.

In Kozina v. J. B. Watkins Lumber Co., 146 Neb. 594, 20 N. W. 2d 606 (1945), we stated that it is now well settled that, independent of any limitation prescribed for the guidance of courts of law, equity may, in the exercise of its own inherent powers, refuse relief where it is sought after undue and unexplained delay, and when injustice would be done, in the particular case, by granting the relief asked. Courts of equity have inherent power to refuse relief after undue and inexcusable delay independent of the statute of limitations.

In his petition plaintiff sought an accounting of the amounts expended by Joe Cizek pursuant to the agreement and of the income received from the real estate, a portion of which was to be credits on plaintiff's behalf against amounts paid out by Joe Cizek

under the terms of the agreement. The petition discloses that the person who would be central to such an accounting, Joe Cizek, died on August 7, 1972. It would clearly be difficult, if not impossible, to obtain an accurate accounting without the assistance of Joe Cizek. Two of the three parties to the agreement, Anna and Joe Cizek, are deceased. No claim for an accounting was filed in the estate. The subject real estate was permitted to be included as an asset in the estate of Joe Cizek, without any claim or contest by plaintiff, and it was taken into consideration when making a distribution of his estate amongst his heirs. The District Court did not err in finding laches under the circumstances.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.