FRANK STAVA, APPELLANT, V. LOUIS F. STAVA AND ROBERT W. STAVA, APPELLEES.

383 N.W.2d 765

Filed March 28, 1986.    No. 85-001.

Roy A. Sheaff and John F. Sheaff of Sheaff Law Offices, for appellant.

Robert E. Sullivan of Haessler, Sullivan & Inbody, for appellees.

KRIVOSHA, C.J., WHITE, and SHANAHAN, JJ., and RIST, D.J., and COLWELL, D.J., Retired.

RIST, D.J.

This is an action in equity brought by plaintiff-appellant, Frank Stava, to have a deed executed and delivered by him to his brothers, the defendants-appellees, Louis F. Stava and Robert W. Stava, determined to be an equitable mortgage, to obtain possession of the premises, and for an accounting of proceeds received by appellees during their possession of the property involved. The trial court found generally against plaintiff and for the defendants and dismissed plaintiff's action. Plaintiff appeals to this court, assigning as error the determination by the trial court that the conveyance was an absolute conveyance and not an equitable mortgage, and in denying plaintiff's motion for new trial. No specification of error being briefed with respect to the denial of the motion for new trial, we will limit our consideration to the first assignment.

The case was tried upon a stipulation of facts and the receipt into evidence of the court file. Being an action in equity, we review this action de novo on the record. Neb. Rev. Stat. § 25-1925 (Reissue 1979).

The record reflects that the parties are the beneficiaries of the estate of Cecilia S. Stava, also known as Sadie Stava. Pursuant to a family settlement agreement respecting the estate, plaintiff received a trailer court property described as being located in or adjacent to the city of Wahoo, Saunders County, Nebraska, and because the estate could not be closed as a result of certain estate securities having been previously pledged on a construction bond in plaintiff's behalf, plaintiff gave a real estate mortgage on the trailer court property to defendants to secure what was owed them under the settlement contract.

Some time passed after the execution and delivery of the mortgage. When plaintiff was unable to pay defendants the amount due under the contract, defendants brought an action to foreclose the mortgage, which went to decree on March 16, 1982. Following decree, plaintiff took a 9-month stay of sale,

and at the conclusion thereof an order of foreclosure sale was issued and the sale was advertised. On February 28, 1983, which was either the day of foreclosure sale or the day before, plaintiff executed his warranty deed conveying the trailer court property to defendants. The deed reserved no rights in plaintiff. As a result of the execution and delivery of the deed, no foreclosure sale was had, and defendants began receiving rents from the property and paying expenses. Plaintiff continued to occupy a portion of the property. Shortly thereafter, a notice to vacate was served upon him by defendants, who then brought an action in forcible entry and detainer resulting in an order to plaintiff to vacate the premises. Plaintiff then commenced this action.

The sole issue is whether the warranty deed given by plaintiff to defendants on February 28, 1983, was an absolute conveyance or an equitable mortgage. Plaintiff, having alleged the deed is such a mortgage, has the burden of proving the same, 59 C.J.S. *Mortgages* § 48 b. (1949), and must do so by clear and convincing evidence. *Winkelmann v. Luebbe*, 151 Neb. 543, 38 N.W.2d 334 (1949). One of the principal tests is whether the relation of the parties to each other as debtor and creditor continues after the conveyance is made. If it does, then the transaction will be considered a mortgage, otherwise not. *Cizek v. Cizek*, 201 Neb. 4, 266 N.W.2d 68 (1978). The intention of the parties may be evidenced not only by the documents in question but by the declarations and conduct of the parties. *Davison v. Inselman*, 185 Neb. 236, 175 N.W.2d 85 (1970).

Applying the above rules to this case, we find the only evidence sustaining plaintiff's position is the allegations contained in his petition and his statement he gave the deed as security. We find no evidence that defendants agreed to treat the deed as a mortgage. While defendants have stated they would like to settle the matter in the interest of family harmony and that if all amounts due them were paid, they would consider reconveying the premises to plaintiff, none of such statements constitutes an admission that the deed was a mortgage. It is clear the delivery of the deed by plaintiff to defendants was considered by the latter to pay the debt and satisfy the

foreclosure action they brought. The fact that plaintiff might obtain a reconveyance of the property by paying the debt is, at the most, only an option available to plaintiff, and if he does not pay the debt, the deed has satisfied it. Such arrangement does not make the deed a mortgage. It is and remains an absolute conveyance. In *Dingwerth v. Assendrop*, 155 Neb. 343, 51 N.W.2d 756 (1952), this court held that if personal liability to pay the debt is extinguished and it is optional that the grantor rescue the property by payment or relinquish it by nonpayment, it is a conveyance of the property and not a mortgage. See, also, *Winkelmann v. Luebbe, supra*; *Cizek v. Cizek, supra*.

The conduct of the parties is also instructive on how they regarded the situation. Defendants brought action to foreclose plaintiff's mortgage given at the time of the estate settlement agreement. That action went to decree; plaintiff took his stay and at the time of foreclosure sale gave the deed in question without any limitation contained therein. Shortly after receiving the deed, defendants brought an action in forcible entry and detainer which resulted in plaintiff's ouster from the property. All of defendants' actions are consistent with the deed's being given to satisfy the debt and their conduct in asserting their rights as the owners of the property. We find nothing in the record to show that defendants ever regarded plaintiff as their debtor after the deed was delivered.

It is clear from the authorities previously cited that in order to prove an agreement to treat a deed as a mortgage, it must be shown that such was the intention of all parties to the deed. Plaintiff has failed to meet his burden of proof in this regard.

We affirm the judgment of the trial court.

AFFIRMED.