WILLIAM SANDERS, APPELLEE, V. M. O. AYRES, APPELLANT.

FILED DECEMBER 18, 1901.   No. 10,845.

1. **Deed Absolute: MORTGAGE: INTENTION OF PARTIES.** Whether a deed absolute on its face is a sale or a mortgage depends upon the intention of the parties, and such intention is to be gathered from their declarations and conduct, as well as from the papers which they subscribed.

2. ——: ——: ——: EVIDENCE. In an action to have a deed absolute on its face declared a mortgage, the evidence showed a debt existing between plaintiff and defendant at the date of the deed, a cancelation of the evidence of the debt by defendant, a contract to reconvey the premises to plaintiff within six months for a sum equal to the amount of the debt and six months' interest, retention of the premises by plaintiff without paying rent, and making of improvements thereon by him without objection from defendant and that the premises were worth perhaps double the amount of the debt. *Held*, sufficient to justify the court in declaring the deed merely security for the debt.

3. **Usury: EVIDENCE.** The evidence on the question of usury examined, and *held* to support the finding that the transaction was tainted with usury.

APPEAL from the district court for Dakota county. Heard below before EVANS, J. *Affirmed.*

*Mell C. Jay,* for appellant.

*J. J. McAllister, contra.*

SULLIVAN, J.

This record presents no question of serious difficulty. The action was brought by William Sanders against M. O. Ayres on the theory that a conveyance made by the former to the latter, although absolute in form, was intended to be, and was in substance and legal effect, a mortgage. The prayer of the petition is that the deed be adjudged to be a security and that the plaintiff be permitted to redeem. The defendant denied the material averments of the petition, but the court found against him and gave judgment accordingly. The argument advanced here for a reversal of

the judgment is that the evidence does not fairly sustain it. The testimony of the litigants upon the main question is in irreconcilable conflict, but collateral events about which there is little or no dispute give plaintiff's theory a complexion of truth, which, in our opinion, rightly influenced the trial judge in his favor. Whether the transaction was a sale or a mortgage depends upon the intention of the parties, and that intention is to be gathered from their declarations and conduct as well as from the papers which they subscribed. *Rockwell v. Humphrey,* 57 Wis., 410, *Null v. Fries,* 110 Pa. St., 521; *Campbell v. Dearborn,* 109 Mass., 130; *Ferris v. Wilcox,* 51 Mich., 105. Prior to the execution of the deed the plaintiff was indebted to the defendant and the debt, or part of it at least, was secured by a mortgage on the land in controversy. When the deed was delivered the evidence of the debt was canceled and the plaintiff given the following contract:

"DAKOTA CITY, October 17, 1896.

"I, M. O. Ayres, of Dakota City, in the state of Nebraska, hereby agree that in the event of the payment by William Sanders to me at Dakota City, in Dakota county, within six months from October 17, 1896, of the sum of $1,575 in gold of the present standard and fineness to deed by quitclaim to the said William Sanders, the following described lands: lots 3, 4 and 5, in section 12, in township 88 of range 48, Dakota county, Nebraska. M. O. AYRES."

In determining whether this agreement was a defeasance or a contract to resell we must look at the situation of the parties and the circumstances surrounding the transaction. The fact of first importance is that the plaintiff was indebted to the defendant and that the deed took the place of a pre-existing mortgage. It is also quite significant that the selling price mentioned in the agreement to reconvey is the consideration named in the deed plus interest thereon for six months at ten per cent. In some jurisdictions these facts would of themselves be sufficient to make the transaction *prima facie* a conveyance to secure a debt, but whether this is the rule in this state we need not now de-

termine for other circumstances of great weight support
the plaintiff's theory and tell decisively in his favor. The
defendant claims to have bought the land for $1,500 at a
time when it was probably worth $3,000. The expense of
recording the deed was charged to the plaintiff, who con-
tinued in possession of the property and dealt with it as
his own, without any objection from the defendant, from
October 17, 1896, the date of the deed, to December 24,
1897, the day upon which this action was commenced. It
also appears that the plaintiff made some improvements on
the premises in 1897, and that he was never asked either
to pay rent or surrender possession. Upon this evidence
the trial court was fully warranted in finding, as it did, that
the relation of creditor and debtor previously existing be-
tween the parties continued to exist after the execution of
the deed, and that the transaction in question effected, and
was designed to effect, only a change in the form of de-
fendant's security.

Some criticism is made upon the finding of the court in
regard to the rate of interest charged by the defendant, but
after a careful scrutiny of the evidence we are satisfied
that it supports the finding and should be approved.

The judgment is

AFFIRMED.