THOMAS W. G. COX, APPELLANT, v. W. T. YOUNG, JR., APPELLEE.

FILED DECEMBER 30, 1922. No. 22161.

1. **Mortgages:** INTENT. "Whether a deed absolute on its face is a sale or a mortgage depends upon the intention of the parties, and such intention is to be gathered from their declarations and conduct, as well as from the papers which they subscribed." *Sanders v. Ayres,* 63 Neb. 271.

2. ——: DEED AS SECURITY: PAROL EVIDENCE. "Where it is sought to vary the effect of a deed of conveyance by parol testimony so as to declare it to be a mortgage, the evidence must be clear, convincing, and satisfactory in its nature in order to warrant a court to grant the relief prayed." *O'Hanlon v. Barry,* 87 Neb. 522.

3. **Evidence** examined, and *held* that the transaction is an absolute sale, and not one of security.

APPEAL from the district court for Banner county: RALPH W. HOBART, JUDGE. *Affirmed.*

*L. L. Raymond,* for appellant.

*Mothersead & York* and *Rodman & Rodman, contra.*

Heard before MORRISSEY, C.J., ROSE, DAY and FLANS-BURG, JJ., SHEPHERD, District Judge.

DAY, J.

By this action Thomas W. G. Cox, the plaintiff, seeks to have a certain deed executed by himself and wife to the defendant declared to be a mortgage, and that he be permitted to redeem therefrom. The defendant denied that the deed was intended to be a mortgage, and by way

of cross-petition prayed that the title to the land described be quieted and confirmed in him as against the claim of the plaintiff. The trial resulted in a judgment denying the plaintiff's claim and dismissing his cause of action, and also quieting and confirming the defendant's title to the land. From this judgment the plaintiff appeals.

The plaintiff's brief contains no formal assignments of error or points of law relied upon for a reversal of the judgment, but it is quite apparent from the argument that he contends that the judgment is contrary to the evidence. The record shows that on September 2, 1919, the plaintiff purchased from one Erskine a tract of land in Banner county, consisting of 865 acres, for an agreed price of $61,362.89. He paid thereon in cash $21,587.89, and agreed to pay a further sum of $6,000 on March, 1, 1920, and also assume a mortgage then upon the land for $33,775. A warranty deed was executed, in which the plaintiff was named as grantee, and the deed, together with the contract of purchase, was placed in escrow in the bank at Kimball to be delivered to the grantee upon the payment of $6,000 on March, 1, 1920. As the day for making this payment approached, it became apparent to the plaintiff that he would experience difficulty in meeting the payment. Sources from which he expected money failed, and he was unable to borrow the amount necessary to make the payment at the bank, although he made application at several places for such a loan. Under these circumstances the plaintiff and defendant entered into negotiations which, according to defendant's testimony, terminated by the defendant purchasing the land. The defendant paid to the plaintiff a sum sufficient to meet the $6,000 due on the purchase price of the land; also an amount necessary to pay the lease rent on a school section leased by the plaintiff, and also to pay interest on the $33,775 mortgage, and the taxes on the land, in all aggregating the sum of $7,676.90. At that time the plaintiff and defendant went to the bank

where the deed was held in escrow; paid the $6,000 together with the interest upon the loan, and the deed was delivered to the plaintiff. Thereupon the plaintiff and his wife executed and delivered to the defendant a deed to the land, and also assigned to the defendant the school land lease. At the same time, in furtherance of the agreement between the parties, the defendant executed a contract agreeing to sell back the land to the plaintiff at any time prior to October 1, 1920, upon the payment of $11,000. The agreement also provided that the plaintiff was to have possession of the land for the year, and to receive the rents and profits which, according to the testimony, amounted to $2,000, and would have been more but for a hail storm which destroyed a part of the crop.

The plaintiff's testimony sustains his theory that the advances of $7,676.90, by the defendant were a loan; that plaintiff agreed to pay in redemption of the property $11,000. The plaintiff now claims that the contract was usurious; that the deed and the assignment of the lease were given only as security for the loan, and prays that he be permitted to redeem the land on payment of the amounts advanced by the defendant, with interest.

The only witness as to the main features of the contract were the plaintiff and the defendant, and their testimony is in direct contradiction. According to the plaintiff's version, the transaction was a loan; while, according to the defendant's testimony, it was an out and out sale with a contract to repurchase.

The rule of law governing this case is announced in *Snoke v. Beach,* 105 Neb. 127, wherein it is said: "Whether a deed absolute on its face is a sale or a mortgage depends upon the intention of the parties, and such intention is to be gathered from the declarations and conduct of the parties, as well as from the papers which they subscribe * * * The rule is also established in this state that, where it is sought to vary the effect of a deed absolute on its face by parol testimony so as to declare

it to be a mortgage, the evidence must be clear, convincing, and satisfactory before a court is warranted in adjudging it to be a mortgage." These propositions find support in *Sanders v. Ayres,* 63 Neb. 271, *Kemp v. Small,* 32 Neb. 318, and *O'Hanlon v. Barry,* 87 Neb. 522.

From an examination of the entire record, we are led to conclude that the plaintiff failed to establish his case by clear, convincing, and satisfactory proof, which the law requires.

The judgment of the district court is, therefore,

AFFIRMED.