LOVENA STUTHEIT SHAGOOL, APPELLANT, V. HENRY L. YOUNG, APPELLEE.

273 N. W. 13

FILED MAY 7, 1937. No. 30010.

*Edith Beckman*, for appellant.

*Armstrong & McKnight*, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and LIGHTNER, District Judge.

CARTER, J.

Plaintiff brought this suit to obtain a decree declaring a certain warranty deed executed and delivered by her to the defendant to be a mortgage and for an accounting of the rents collected by the defendant while he was in possession of the property. The trial court held that the deed was absolute, subject only to an oral agreement to repurchase with which plaintiff had failed to comply. Plaintiff brings the case to this court for review.

The record discloses that on May 6, 1929, the plaintiff, Lovena Stutheit Shagool, was the owner of the property involved in this action. It also appears that, prior to that date,

her husband, John W. Shagool, had been the owner of the legal title and had permitted a judgment obtained against him to become a lien on the property. On May 6, 1929, an execution had been issued and the sale of the property thereunder was about to be confirmed when plaintiff requested a loan from the defendant in order that she might protect her interest. Defendant at that time had a first mortgage on the property for $300. Defendant agreed to pay the judgment and costs under which the property was being sold on condition that plaintiff execute and deliver a warranty deed to him with the understanding that he would deed the property back to her whenever she paid the amount due him. Defendant thereupon marked the $300 note paid and returned it to plaintiff and thereafter undertook to collect the rents and to care for the property. The record shows that defendant advanced funds to the plaintiff from the rents he had collected and paid certain bills and accounts of the plaintiff at her request. Both parties state that the transaction was entered into in order that plaintiff might save her property. If the deed to the defendant was absolute, plaintiff had no interest and would be in no better position than if the execution sale had been confirmed. The letters between the parties appearing in the record clearly show that it was intended that plaintiff should have an interest in the property after the giving of the deed. We conclude, after a consideration of all the evidence, that the deed was given to secure defendant for the money advanced by him and that it is in fact a mortgage and not an absolute deed. The facts of this case bring it within the rule announced in *Sanders v. Ayres,* 63 Neb. 271, 88 N. W. 526, wherein the court said: "Whether a deed absolute on its face is a sale or a mortgage depends upon the intention of the parties, and such intention is to be gathered from their declaration and conduct, as well as from the papers which they subscribed." See, also, *Cox v. Young,* 109 Neb. 472, 191 N. W. 647.

The only question left for our determination is the amount remaining due the defendant that the deed was

given to secure. The record shows that the decree of the trial court was modified on June 16, 1936, and the motion for a new trial overruled on that date. We will, therefore, make the accounting of the amounts at issue between the parties as of that date on this appeal.

There are many items bearing upon the amount due which make it quite impossible for us to set out the accounting in detail in this opinion. The record shows that defendant advanced $207.25 to pay the judgment lien on the property which, with interest at 6 per cent. to June 16, 1936, amounts to $295.71. At the same time defendant returned a note secured by a mortgage on the property to plaintiff in the amount of $300 which, with interest from October 13, 1928, amounts to $508.18. Defendant also paid taxes amounting to $149.24; for labor and repairs expended $207.85; and made cash advances and paid bills of plaintiff amounting to $251.75, the total of which is $1,-412.73. The record discloses that defendant collected rents amounting to $650, for which plaintiff is entitled to credit. The trial court allowed an item of $187.89 against the defendant because of his failure to collect all of the rents alleged to have been due. The evidence does not sustain this finding of the trial court. We necessarily conclude that there remains due and owing to the defendant the sum of $762.73, with interest at 6 per cent. per annum from June 16, 1936.

The judgment of the district court is therefore reversed, with directions to enter a decree of foreclosure on defendant's cross-petition in the amount of $762.73, with interest at 6 per cent. per annum from June 16, 1936.

REVERSED.