HERCULES POWDER COMPANY *vs.* COMMISSIONER OF PUB-
LIC. HEALTH.

Suffolk.    March 6, 7, 1950. — April 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Food.   Public Health.   Words,* "Vegetable gum."

A finding on oral evidence in a suit against the commissioner of public health for declaratory relief, that a cellulose gum, manufactured by the plaintiff, known as "CMC" and used as a "stabilizer" to prevent the formation of small ice crystals in ice cream and to give smoothness to it, was a "vegetable gum" within G. L. (Ter. Ed.) c. 94, § 65G, inserted by St. 1934, c. 373, § 1, was not plainly wrong.

BILL IN EQUITY, filed in the Superior Court on January 31, 1949.

The suit was heard by *O'Connell,* J.

*F. E. Kelly,* Attorney General, *& J. J. Bacigalupo,* Assistant Attorney General, for the defendant, submitted a brief.

*J. P. Rooney,* (*H. F. Rice* with him,) for the plaintiff.

LUMMUS, J.    This is a bill in equity for declaratory relief under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1. The bill alleges that a controversy has arisen between the plaintiff and the defendant, as to whether the cellulose gum manufactured by the plaintiff and known as CMC, is a vegetable gum within the meaning of G. L. (Ter. Ed.) c. 94, § 65G, inserted by St. 1934, c. 373, § 1. That section provides that frozen custard, ice cream, ice cream mix, ice milk and milk sherbet may contain "stabilizer," which is defined as "pure gelatine or vegetable gums." The defendant contends that said cellulose gum is not a vegetable gum, and that manufacturers of ice cream may not use it as a stabilizer in their product without being subject to prosecution.

After hearing the evidence, a judge found that the stabilizer made by the plaintiff and called CMC is used to prevent the formation of small ice crystals in ice cream and to give smoothness to it. The judge found as follows: "I find as a fact and as within the legislative intendment that 'CMC' is a 'vegetable gum.'" A final decree was entered, making a declaration in accordance with that finding, enjoining the defendant and his successors in office from "doing or committing any act or acts with reference to purchasers of said product of the . . . [plaintiff] or manufacturers of or dealers selling ice cream made in part from its said product, tending to create an apprehension or fear in said persons that criminal prosecution will be initiated as against any party or parties using the said 'stabilizer,' manufactured and sold by the plaintiff, either in the manufacture or sale of ice cream," and enjoining the defendant and his successors in office from "refusing to issue, or revoking any license or permit, required by manufacturers or sellers of ice cream, based solely or mainly upon the use in said ice cream of the product of the . . . [plaintiff] described as 'CMC' as a stabilizer." From the final decree the defendant appealed to this court.

The defendant does not contend that the injunctions granted were improper if the finding that CMC is a vegetable gum is to stand. The evidence, consisting of the expert testimony of chemists, some of it conflicting, is reported. A careful examination of the evidence, together with the exhibits, discloses no error in the conclusion of the judge that the plaintiff's product is a vegetable gum. By the familiar rule, we do not reverse findings made upon oral testimony unless convinced that they are plainly wrong. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 84. *King* v. *Grace*, 293 Mass. 244, 248. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 407. *Boston* v. *Santosuosso*, 307 Mass. 302, 331. *Moroni* v. *Brawders*, 317 Mass. 48, 56. *Barnum* v. *Fay*, 320 Mass. 177, 180.

*Decree affirmed with costs.*