MERLE G. SUMMERS *vs.* DONALD H. WATERHOUSE.

Suffolk.    January 5, 1955. — March 7, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Equity Pleading and Practice*, Findings by judge.  *Evidence*, Relevancy and materiality.

Evidence reported upon appeal from a final decree dismissing the bill in a suit in equity by one life insurance agent against another seeking a share in certain commissions received by the defendant did not show to be plainly wrong findings by the trial judge that there was no express or implied agreement as to sharing commissions between the agents, and that they were competitors and not associates; and the decree was affirmed.

At the trial of a suit in equity by one life insurance agent against another seeking a share in certain commissions received by the defendant, a letter from the defendant to the insured and a letter from the insured to the defendant which did not tend to show any agreement between the agents to share the commissions nor contradict the testimony of the defendant were properly excluded.

BILL IN EQUITY, filed in the Superior Court on October 15, 1952.

The suit was heard by *O'Brien*, J.

*James D. St. Clair*, for the plaintiff.

*Morris Michelson*, (*Joseph T. Fahy* with him,) for the defendant.

LUMMUS, J.    The parties are life insurance agents.    The plaintiff seeks a share in commissions amounting to $13,-600.85 received by the defendant with respect to life insurance on the lives of Ralph A. Powers and his wife, and future renewal commissions on the same insurance.    The evidence is reported, and the judge made express findings of fact.    He found that there was no express or implied agreement between the parties as to sharing commissions.    He found that instead of being associates in obtaining life insurance for Powers and his wife, the parties were rather

competitors. From a final decree dismissing the plaintiff's bill with costs, the plaintiff appealed. A careful reading of the evidence convinces us that the findings are supported by the evidence and cannot be said to be plainly wrong. *Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79, 84. *Hercules Powder Co.* v. *Commissioner of Public Health,* 325 Mass. 599, 600. *Williams* v. *Howard,* 330 Mass. 323, 325.

The plaintiff complains of the exclusion of a letter dated June 9, 1952, from the defendant to Powers and of a letter dated July 28, 1952, from Powers to the defendant. In the latter letter, Powers expressed the opinion that for the plaintiff to receive the commission on certain of the policies "is entirely fair to you." The judge was not required to find that the defendant ever consented to share any commission with the plaintiff. That he did not appears from a letter of the defendant to Powers dated August 18, 1952. The excluded letters do not tend to show any agreement between the parties for the sharing of commissions, nor do they contradict the testimony of the defendant. They were properly excluded. The final decree is affirmed with the costs of the appeal.

*So ordered.*