SARAH G. NORTON, APPELLEE AND CROSS-APPELLANT, V. EDWARD A. DOSEK, APPELLANT AND CROSS-APPELLEE, IMPLEADED WITH PHILOMENA DOSEK ET AL., APPELLEES.

74 N. W. 2d 56

Filed December 30, 1955. No. 33847.

*Manasil & Erickson,* for appellant.

*Davis & Vogeltanz* and *Wellensiek & Weaver,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The object of this litigation is to have it determined that a conveyance made by appellee to Edward A. Dosek, although absolute in form, was intended to be and was in substance and legal effect a mortgage; to have the amount due upon the indebtedness evidenced by the note and secured by the conveyance and the person to whom it should be paid decided and to permit appellee to redeem the land by payment of the amount thereof; to have the mortgages placed on the land by Edward A. Dosek adjudged not to be liens on it; and to quiet the title to the land in appellee.

The contesting parties to this controversy in this court are the appellee and Edward A. Dosek who will be referred to as appellant. The land involved is correctly described in the record. Its lengthy description will not be repeated. The land consists of 800 acres located in the northeasterly part of Garfield County.

Appellee bought the land in the early part of the year 1947 for the sum of $4,000 and she was then required to pay $1,500 of the purchase price. The sellers retained the legal title until the balance thereof was paid. They executed a deed for the land in which appellee. was named grantee on February 8, 1947, and it was sent to a bank in Burwell with information of the amount required

to be paid as a condition of the surrender of it to appellee. A contract in writing was entered into by appellee as first party and Eldridge L. Killion as second party, bearing date of March 8, 1948, by the terms of which appellee obligated herself to sell and convey the land to second party for $14,400. He paid appellee $1,500 on the purchase price when the contract was made and this entitled him to possession of the land. The balance of the purchase price was to be paid by second party as the contract required and he was entitled to a deed of the land when it was fully satisfied.

The deferred part of the purchase price of the land had not been paid by appellee and the persons who sold it to her were claiming the right to and were threatening to cancel the contract. She knew appellant and had business relations with him. She was at his office to pay an insurance premium in March or April of 1948. She talked with him about borrowing money to pay the unpaid part of the purchase price of the land. She told him she had some deals but no money and if he could help her she would pay a good commission or bonus; that the sellers of the land were intending to cancel her out if she did not get the money soon; that she had the land sold and she showed him the contract she had with Eldridge L. Killion, hereafter called Killion, for the sale of the land; and that appellant asked what she would pay and she said as much as $1 per acre or $800 and he said, "all right," and he would see what he could do. Appellee called on appellant several times and he advised her that he was trying to get the amount required. Later he assured her he had a promise of it. She told him to make out a note for $3,400. He prepared a note for that amount due in 6 months with interest at 6 percent and she signed and delivered it to him. She then told him she would rather use a deed of the land as security for the note and she suggested they should have a contract to this effect but he said he was in a hurry then but when she paid the note he would deed it back to her.

The deed for the land and accompanying papers that the sellers had placed in the bank at Burwell were sent to the First National Bank of Lincoln. Appellee executed a conveyance of the land, in form a warranty deed, to appellant that bears date of July 9, 1948, and it was delivered to him. He gave the First National Bank of Lincoln a check payable to its order dated July 10, 1948, drawn and signed by him for the sum of $2,905 and he received from the bank the deed of the land executed by the sellers thereof to appellee. The deeds were recorded, at the request of appellant, in the office of the register of deeds of Garfield County on July 20, 1948. The deed from appellee to appellant recites a consideration of $3,300.

Killion had possession of the land for about 4 years by virtue of his contract for the purchase of the land. The contract was terminated in July 1951. He paid rent to appellee. He paid no rent to appellant. Appellant took no action to recover possession of the land from Killion during that time. Appellant advised Killion in July 1948 by letter that title to the land had been conveyed to appellant and that he would recognize the Killion contract of purchase but no other effort was made to secure performance of the contract. The record is silent concerning any request by appellant for payment to be made to him of the amount required to be paid by the contract.

Appellee gave notice by recording an affidavit made by her in the office of the register of deeds to the effect that the deed she made to appellant was only a mortgage securing a debt she owed him. Thereafter appellant rented the land and collected rental for the years 1952, 1953, and 1954.

Appellant paid no taxes on the land for the years 1948 to 1951, inclusive. Appellee paid the taxes. He gave no understandable explanation of his failure in this respect if he was owner of the land and not merely a well secured creditor. There were no improvements

of any kind or extent made or contemplated by appellant.

There is testimony that appellant told Killion about September or October 1948 that he wanted to bring suit against appellee but did not want to involve Killion in it, that appellant wanted to foreclose his note and mortgage, and that Killion then saw the note and deed appellee had given appellant. Killion also saw the $3,400 note at a conference had later in the home of Frank B. Clark when appellant exhibited it to Mr. Clark who was then attorney for Killion.

The amount of money actually paid by appellant for appellee was $2,905. He took a note from her for $3,400 and she conveyed appellant the land to secure its payment. There is substantial evidence that at the time of the conveyance of the land to appellant it had a value of from $12.50 to $16 per acre. Appellee bought it in 1947 for $5 per acre and Killion bought it on an advancing market from her in March of 1948 for $18 per acre. The value of the land as compared with the amount paid is an important factor to be considered in deciding the true nature of the instrument in issue. Inadequacy of consideration is an indication that the parties did not consider the conveyance absolute. In Johnson v. Shuler, 134 Neb. 25, 277 N. W. 807, this court said: "The value of land as compared with the consideration paid for it is an important factor to be considered in construing the true nature of the transaction." See, also, Snoke v. Beach, 105 Neb. 127, 179 N. W. 389; Sanders v. Ayres, 63 Neb. 271, 88 N. W. 526; Annotation, 90 A. L. R. 953.

Appellant testified that if appellee had completed the sale of the land to Killion according to the contract between them and if she had paid appellant what he had advanced for her and his share of the profit on the sale of the land to Killion, appellant would have deeded the land back to appellee.

The district court found that appellee borrowed from appellant $3,400 on or about April 1, 1948, and secured the payment thereof by conveyance to appellant of the

land involved herein; that the conveyance was a mortgage to secure the indebtedness and was a lien on the land; that the amount due on the indebtedness from appellee to appellant on March 16, 1955, was the sum of $3,422.56; and that the indebtedness and the conveyance securing it was a lien on the premises and that it should be foreclosed. The court adjudicated that the deed given by appellee to appellant was a mortgage; that appellee was the owner of the premises; that if she paid the amount found due with interest thereon within 20 days the appellant should be barred of any right, title, or interest in and to the premises; and that if payment was not made of the amount found due within the time fixed an order of sale should issue and the land should be sold as upon execution to satisfy the indebtedness. This appeal is prosecuted from that judgment by Edward A. Dosek. There is no appearance in this court by any other party named as defendant in the district court.

The claim of appellant is that he bought the land from appellee for a consideration of $2,905 upon the understanding that if the sale of the land to Killion was completed appellant should receive $2,905 and the balance of what Killion paid should be divided equally between him and appellee, that the deed given by her to appellant was an absolute conveyance of the land to him in fee, that there was no indebtedness because of the transaction from appellee to appellant, and that he did not receive a note executed by appellee. The evidence is in many respects irreconcilably conflicting. Appellant denies substantially all that is said in the evidence produced by appellee concerning the transaction they had relative to the land.

This is an equity case. The trial court saw, observed, and heard the witnesses. The manner of a trial de novo of such an action in this court has been too frequently stated to permit its repetition. Shepardson v. Chicago, B. & Q. R. R. Co., 160 Neb. 127, 69 N. W. 2d 376.

The doctrine is quite uniformly established and en-

forced that regardless of the characterization given an instrument a deed of conveyance of land, absolute and unconditional on its face but intended and understood by the parties to be security for the payment of a debt or the performance of some other condition, will be regarded and treated in equity as a mortgage giving to the parties the relative rights and remedies of a mortgagor and mortgagee.

It is said in Snoke v. Beach, *supra:* "When it is established that a deed was in fact given as security only, the grantor therein stands in the relationship to the premises as mortgagor, and is entitled to redeem."

It is stated in Doran v. Farmers State Bank, 120 Neb. 655, 234 N. W. 633: "A deed, absolute on its face, but which, in fact, was given as security for certain obligations, and by which grantors were to receive any sum over and above such obligations for which the land conveyed should be sold, is, in nature and effect, a mortgage." See, also, Shagool v. Young, 132 Neb. 745, 273 N. W. 13; State Bank of O'Neill v. Mathews, 45 Neb. 659, 63 N. W. 930, 50 Am. S. R. 565.

There is no definite rule by which it can be determined in all cases whether a deed, absolute on its face, is a sale or a mortgage. The solution of the problem depends primarily upon the intention of the parties as ascertained from their declarations, their conduct, and the documents involved. In Sanders v. Ayres, *supra,* this court said: "Whether a deed absolute on its face is a sale or a mortgage depends upon the intention of the parties, and such intention is to be gathered from their declarations and conduct, as well as from the papers which they subscribed." See, also, Shagool v. Young, *supra;* Cox v. Young, 109 Neb. 472, 191 N. W. 647; Snoke v. Beach, *supra.*

The quality of the evidence to justify a finding based on parol testimony that a conveyance absolute in form is in fact a mortgage has often been defined by the decisions of this court. O'Hanlon v. Barry, 87 Neb. 522,

127 N. W. 860, states the rule: "Where it is sought to vary the effect of a deed of conveyance by parol testimony so as to declare it to be a mortgage, the evidence must be clear, convincing, and satisfactory in its nature in order to warrant a court to grant the relief prayed." See, also, Winkelmann v. Luebbe, 151 Neb. 543, 38 N. W. 2d 334; Snoke v. Beach, *supra;* Cox v. Young, *supra.*

Appellee has in this case satisfied the exactions of the law and it is concluded by this court that the warranty deed dated July 9, 1948, in issue in this case, was intended by the parties to it to be security for the payment of an indebtedness of appellee to appellant evidenced by note of the former payable to the order of the latter.

The amount which appellant expended for appellee at her request was $2,905. This was done on July 10, 1948. The note made by appellee payable to the order of appellant was for $3,400 with interest at 6 percent per annum but there was no consideration for any amount in excess of $2,905. In a contest between parties to a promissory note a partial failure of consideration may cause a pro tanto avoidance or discharge of an undertaking on the note. A note may be supported by sufficient consideration and to that extent be valid, but void as to any excessive amount for which it was drawn. § 62-128, R. R. S. 1943; Nordeen v. Nelson, 134 Neb. 707, 279 N. W. 323; Elmcreek Ditch Co. v. St. John, 127 Neb. 253, 255 N. W. 16; 7 Am. Jur., Bills and Notes, § 249, p. 943.

Appellant paid taxes on the land for 1 year on September 17, 1953, in the sum of $50.20. He rented the land and received rental of $500 for each of 3 years.

The amount of the indebtedness secured by the conveyance to appellant is the sum of $2,905 with interest thereon at 6 percent per annum from July 10, 1948, plus $50.20 with interest thereon at 6 percent per annum from September 17, 1953, less the sum of $1,500 with interest on one-third thereof at 6 percent per annum from November 1, 1952, on one-third thereof at the same rate

from November 1, 1953, and on one-third thereof at the same rate from March 1, 1955.

The findings and judgment of the district court should be modified and changed to conform to the foregoing as to the amount of the indebtedness due from appellee to appellant and secured on the land by the deed to him from appellee and the judgment in that respect and to that extent is reversed and the cause is remanded with directions to the district court to render and enter a judgment in the cause in conformity with the foregoing. In all other respects the findings and judgment are affirmed. Costs in this case are taxed to appellant.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED WITH DIRECTIONS.