RAYMOND C. JACOBSON *vs.* JOSEPH S. JACOBSON
& another.[1]

Hampden.   September 20, 1956. — November 13, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Real Property,* Option to purchase, Conveyance as security. *Contract,* Option. *Equity Pleading and Practice,* Declaratory proceeding.

In the circumstances in which a deed, absolute in form, conveying the undivided interest of one of two tenants in common in real estate to his cotenant was given pursuant to a contract between them providing that if, on or before a certain date about three years later, the grantor should pay a specified sum to the grantee and should assume his proportional part of a mortgage on the premises, the grantee would reconvey such undivided interest, that time was of the essence as to such payment, and that the right to the reconveyance was a right personal to the grantor and was not assignable, transferable, or inheritable, it might properly be found that the deed constituted an absolute conveyance accompanied by an option in the grantor to repurchase the undivided interest, and did not constitute an equitable mortgage. [662]

In a suit in equity presenting a proper case for declaratory relief under G. L. (Ter. Ed.) c. 231A, the bill should not be dismissed where the result on the merits is adverse to the plaintiff, but a declaratory decree accordingly should be entered. [662]

BILL IN EQUITY, filed in the Superior Court on July 6, 1953. The suit was heard by *O'Brien,* J.

---

[1] Emily Jacobson.

*Austin Broadhurst,* for the plaintiff.

*Samuel W. Ripa,* for the defendants.

COUNIHAN, J. This is a suit in equity in which the plaintiff in substance seeks a declaratory decree, G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, that a deed from the plaintiff to Joseph S. Jacobson, hereinafter called the defendant, of certain premises numbered 1435, 1437, 1439, 1447, and 1451 Dwight Street and numbered 9 Ivy Avenue, Holyoke, be adjudged an equitable mortgage and for other relief. The judge made voluntary findings of facts and ordered the entry of a decree dismissing the bill. From this decree the plaintiff appealed. We have a transcript of such portions of the evidence as the parties have designated in accordance with Rule 2 (B) of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 693.

In these circumstances we may make our own findings but the findings of the judge will not be disturbed unless we are convinced that he was plainly wrong. *Summers* v. *Waterhouse,* 332 Mass. 363, 364.

The facts found by the judge and by us are these. The plaintiff and the defendant are brothers. Emily is the wife of Joseph. In 1948 the plaintiff and the defendant owned the premises herein described as tenants in common, having acquired them under the will of their father. Sometime during that year, in order to help the plaintiff raise money for his own business, a first mortgage on said premises held by a bank was increased from $29,000 to $34,000. The $5,000 thus raised was given to the plaintiff for his private use. Between February, 1948, and May, 1950, the principal of this mortgage was reduced to $31,250 by the application of part of the income of the premises. In May, 1950, the plaintiff again needed money and he requested the defendant to provide him with $5,120. The defendant agreed and arrangements were made to increase the mortgage to $35,500. This was done and the plaintiff received $4,250 from the proceeds of the principal of the new mortgage and $870 which was advanced by the defendant personally.

This mortgage was dated May 31, 1950, and duly recorded on June 1, 1950. It was executed by the defendant. Part of this money was used to discharge a second mortgage given by the plaintiff to one Lamontagne.

On May 29, 1950, the plaintiff and the defendant entered into a written agreement under seal, in which the wife of the defendant joined. This agreement provided that the plaintiff would, on or before June 10, 1950, convey his undivided half interest in the premises to the defendant on the understanding that the defendant would agree to assume and pay three outstanding mortgages on the premises. It further provided that if the plaintiff paid the defendant $10,000 in cash on or before June 1, 1953, and assumed and agreed to pay his proportional share of the balance then due on the bank mortgage, the defendant would reconvey to the plaintiff an undivided one-half interest in the premises. It also provided that time was of the essence and that the sum of $10,000 must be paid in full on or before June 1, 1953. A further provision was that the right to a reconveyance was a personal right which should accrue only to the plaintiff and should not be assignable, transferable, or inheritable.

On May 31, 1950, a day before the new bank mortgage was recorded, the plaintiff executed and delivered a deed of his undivided interest in the premises to the defendant which was duly recorded. Coincident with the delivery of the deed the plaintiff agreed in writing that the defendant could convey title to the premises to himself and his wife as tenants by the entirety and also increase the bank's mortgage to $35,500. Emily agreed in writing to join in any deed which the defendant might be required to give the plaintiff under the terms of the agreement. The judge further found that the plaintiff did not pay or tender the $10,000 on or before June 1, 1953, as provided in the agreement.

The judge upon ample evidence expressly found that the agreement gave the plaintiff an option to purchase or repurchase the one-half undivided interest he conveyed on

May 31, 1950. The plaintiff did not exercise that right. He further found that "the parties neither intended that the deed be given as security nor that it was so given." It is significant that there was in evidence as an exhibit a receipt which reads as follows: "June 1, 1950 Received from Joseph S. Jacobson Three Thousand and 00/100 Dollars Re: Sale of real estate at corner of Dwight Street and Ivy Avenue — undivided one half interest subject to mtges. $3000.00                    Raymond C. Jacobson"

The meaning of a written instrument is ordinarily a matter of law for the judge, *Brand* v. *Sterling Motor Car Co.* 249 Mass. 318, but in the circumstances of the instant case he could properly make a finding of fact as to the intention of the parties. The deed from the plaintiff to the defendant does not appear in the record but it is apparent from statements in the brief of the plaintiff that it was absolute in form. The plaintiff relies solely upon the agreement of May 29, 1950, which he asserts was an instrument of defeasance. This is the single question before us. We do not agree. The intention of the parties in a transaction such as this is an essential element to be determined by consideration of all the facts surrounding the transaction. In *Montuori* v. *Bailen*, 290 Mass. 72, at page 76, it was said, "In equity, a formal deed, absolute in form, does not prevent redemption by the grantor *if a right of redemption was contemplated by the parties*" (emphasis supplied). Compare *Southwick* v. *Bigelow*, 237 Mass. 299.

It has been generally held not only that the intent of the parties governs but that the party asserting that a deed absolute in form is an equitable mortgage has the burden of proving that it was intended as such.[1]

---

[1] *Chinn* v. *Llangollen Stable, Inc.* 109 Fed. (2d) 66 (C. C. A. 6). *Walker* v. *Harris*, 238 Ala. 176. *Farrell* v. *West*, 57 Ariz. 332. *Oliver* v. *Watts*, 194 Ark. 644. *Beeler* v. *American Trust Co.* 24 Cal. (2d) 1. *Barger* v. *First National Bank*, 310 Ill. App. 628. *Jankowski* v. *Szpieg*, 282 Mich. 397. *Nitkey* v. *Ward*, 199 Minn. 334. *Publicity Building Realty Corp.* v. *Thomann*, 353 Mo. 493. *Shagool* v. *Young*, 132 Neb. 745. *Antonucci* v. *Gravina*, 134 N. J. Eq. 79. *Colahan* v. *Smyth*, 159 Ore. 569. *Gibbons* v. *Gibbons*, 103 Utah, 266. *Deitz* v. *Craig*, 118 W. Va. 103. *Acme Brick Co.* v. *Jacobi-Erdman, Inc.* 235 Wis. 539.

We think that the intention of the parties that this deed should be a conveyance with an option to repurchase rather than an equitable mortgage is further emphasized by the provisions of the agreement that time was of the essence in exercising the option to repurchase, and more particularly by the added provision that the right to a reconveyance was a personal right which should accrue only to the plaintiff and should not be assignable, transferable, or inheritable. This is not the kind of language which would ordinarily be used in connection with a mortgage where the owner of the equity of redemption has the right to transfer and assign such equity and it may pass to others by devise or inheritance. The case of *Bayley* v. *Bailey*, 5 Gray, 505, heavily relied upon by the plaintiff, is distinguishable from the instant case because of a substantial difference in the language used in the agreement there under consideration and that in the case at bar.

The finding of the judge that the parties intended the deed to be an absolute conveyance with an option to repurchase was not plainly wrong and is conclusive of this case. In view of this we need not consider other questions raised by the bill.

One matter more remains. This was essentially a bill for a declaratory decree. It should not have been dismissed. It should have been disposed of by the entry of a decree adjudicating the rights of the parties as prayed for. It follows that the decree is reversed and a new decree is to be entered not inconsistent with this opinion. *Foley* v. *Springfield*, 328 Mass. 59. The defendants are to have costs of this appeal.

*So ordered.*