Lima *v.* Avery.

---

Vasco A. Lima *vs.* Herbert S. Avery, trustee, & another.

Middlesex.    October 4, 1961. — November 14, 1961.

Present: Wilkins, C.J., Spalding, Cutter, Kirk, & Spiegel, JJ.

*Mortgage,* Of real estate: validity.

Evidence justified a finding by the trial judge in a suit in equity that, following a deed of real estate, a purported mortgage thereof by the grantee to one as trustee for the grantor reciting that it was given to secure the performance of a written agreement by the grantee to pay the grantor a certain sum per week during the lifetime of the grantor was intended as a mortgage to secure the grantee's obligation, and a ruling that the mortgage and agreement were valid was right.

Bill in equity, filed in the Superior Court on April 1, 1960.

The suit was heard by *DeSaulnier,* J.

*Abraham Zintz,* for the plaintiff, submitted a brief.

*Clement J. Redmond,* for the defendants.

Spiegel, J. This is a bill in equity for a declaratory decree. The plaintiff is the assignee for the benefit of credi-

tors of the Inman Square Corporation. The said corporation conveyed by deed to the plaintiff a parcel of land with the buildings thereon, known as the Inman Square Theater, which it owned at the time of the assignment. There is recorded with the Middlesex South District registry of deeds an instrument purporting to be a mortgage of the property in question to one Herbert S. Avery, as trustee for one Michael A. O'Leary, from one Owen F. Farley to secure the faithful performance of an agreement entered into between said O'Leary and Farley. The agreement was filed at the registry simultaneously with the mortgage. The plaintiff seeks to have the purported mortgage declared a nullity and of no legal effect.

The trial judge found that after a "long series of litigation" between O'Leary and Farley, they entered into a settlement by which the property was conveyed by O'Leary to Farley on the condition that Farley pay O'Leary a certain sum each week during the lifetime of O'Leary; that the agreement between the parties "has all the essentials of a promissory note and mortgage"; that the mortgage provides that it is given to secure the performance of the written agreement; and that the Inman Square Corporation took title to the property in question under a deed which ". . . recited that the Corporation took title subject to the mortgage . . . ." The court ruled that the mortgage and agreement are valid and in full force and effect. There was no error. The trial judge's findings will stand unless we are convinced that they are plainly wrong. *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 178. *Willett* v. *Willett,* 333 Mass. 323, 324.

The intention of the parties is an essential element in the determination of this case. *Jacobson* v. *Jacobson,* 334 Mass. 658, 661. The evidence justified a finding that the parties intended that the obligation of Farley be secured by a mortgage. The fact that the mortgage was made to Avery, as trustee, did not require a contrary finding, particularly in view of the fact that the trustee testified that he was holding the mortgage for O'Leary.

*Final decree affirmed with costs of appeal.*